KEEL v. BENTLY.

An appeal, or writ of error, does not lie from an interlocutory decree or judgment.

THIS was a motion to dismiss a writ of error.

TREAT, C. J.    Bently filed a bill in chancery against Keel to obtain the title to certain real estate; and an injunction issued thereon, restraining Keel from selling or removing the growing crops. Keel answered the bill, and moved for a dissolution of the injunction. The court refused the motion, and referred the cause to the master to take the proofs. Keel then sued out a writ of error, which Bently now moves to dismiss.

The motion must be sustained. An appeal, or writ of error, does not lie from an interlocutory decree or judgment. There must be a final decision of a case before it can be removed into this court; such a decision as settles the rights of the parties in respect of the subject-matter of the suit, and concludes them until it is reversed or set aside. Cornelius v. Coons, Breese, 15; Pentecost v. Magahee, 4 Scammon, 326; Hayes v. Caldwell, 5 Gilman, 33; Fleece v. Russell, 13 Illinois, 41. No such decision has been made in this case. The proofs are yet to be taken; and the case is yet to be determined on the merits. The cause must proceed to a final hearing in the court below, before either party can remove it into this court. The writ of error will be dismissed.

*Writ of error dismissed.*