THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY,
Appellee, vs. F. M. PREUCIL, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 4, 1908.*

1. APPEALS AND ERRORS—*appeal from interlocutory order must be specially authorized by statute.* An appeal is allowed by the statute only for the purpose of reviewing final judgments, orders or decrees, and no appeal can be taken from an interlocutory order, decree or judgment entered in the progress of a cause unless an appeal is specially authorized by statute.

2. SAME—*order denying motion to dismiss condemnation petition is interlocutory.* An order denying a motion to dismiss a condemnation petition for alleged want of power in the petitioner to condemn is interlocutory, only, and no appeal will lie therefrom, but if the defendant preserves an exception to the order and is compelled to proceed to trial he may assign error on the denial of his motion upon appealing from the final judgment; but the appeal must be from the final judgment, and not merely from the order denying the motion.

APPEAL from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

FRANKLIN B. HUSSEY, SAMUEL FRIEDLANDER, and EL-DON J. CASSODAY, for appellant.

JESSE B. BARTON, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, a corporation organized under the laws of this State and authorized to construct, maintain and operate a railroad from the south-west corner of Harrison street and Fifth avenue, in Chicago, southerly, westerly and south-westerly through the city of LaSalle to the Mississippi river, filed in the superior court of Cook county a petition under the Eminent Domain act to ascertain the compensation to be paid for the south sixteen feet of lot 32, in block 16, in Sampson & Greene's addition to Chicago,

and appellant's leasehold interest therein, to be appropriated and used for the purposes of constructing and operating a second main track thereon.   The petition was dismissed as to the owner in fee, and appellant filed a motion to dismiss the petition as to him for want of authority to take his property for the uses of appellee.   The motion was accompanied by a traverse or denial of the right of appellee to take the property, for various reasons.   One reason specified was, that in the year 1897 the appellee purchased a railroad previously constructed south of said premises, crossing Rebecca street twice on curves, and had been operating the same since said purchase, either by itself or its receiver; that the only purpose of this proceeding was to re-locate the line and do away with the old curves, making a straight line; that the purchase of the said railroad amounted to a location of the appellee's road and exhausted its power of location, and that neither the corporation nor its receiver had any lawful power or authority to re-locate the railroad on a line extending in the same general direction between the same termini.   Other reasons given were, that a previous proceeding in the county court between the same parties to condemn the same premises was dismissed by said court on motion of appellee, and the statute does not authorize a second proceeding between the same parties for the same purpose, and that the circuit court of the United States had no power to direct or authorize this proceeding.   The court heard the evidence of the respective parties on the motion to dismiss the petition and on March 2, 1908, overruled the motion.   To the ruling of the court in overruling and denying the motion to dismiss, appellant duly excepted, and a bill of exceptions was tendered to and certified by the judge.   On March 13, 1908, the parties filed a stipulation by which appellant waived a jury trial, and the question of compensation and damages was submitted to the court, with an agreement that there should be awarded by the court to appellant, as compensa-

tion for the property taken and damages to the property not taken which might be claimed under a cross-petition, the sum of $2500. It was agreed that the stipulation should not prejudice appellant as to his rights under the motion or in respect to taking an appeal from the decision of the court upholding the right of appellee to condemn the property and denying the motion to dismiss. The stipulation was not to be a waiver of the exception taken to the decision on the hearing of the motion. The court thereupon entered a final order reciting that the motion to dismiss the petition had been filed and theretofore overruled and finding that appellee was authorized to condemn the leasehold interest of appellant, to which order and ruling appellant excepted. The order then recited the stipulation of the parties as to the amount of compensation, and in accordance therewith found the full compensation and damages to be $2500. The order authorized appellee to enter upon the premises on payment of the compensation so ascertained, and it was ordered that in the event of an appeal by appellant the appellee might enter upon the use of the premises upon entering into a bond in the sum of $3500, conditioned for the payment of such compensation and damages as might be finally adjudged in the case. To the ruling of the court in rendering judgment of condemnation appellant excepted, and then follows this prayer for an appeal: "And now again on this day come the petitioner and Preucil, respondent, and the said respondent prays the court for an appeal to the Supreme Court of the State of Illinois from the order and judgment of the court herein that said petitioner is authorized and empowered, and has the right in law, to condemn the property of said respondent in this proceeding, and from the order of said court heretofore entered denying the motion of said Preucil to dismiss the petition herein." The prayer for an appeal was allowed upon appellant giving a bond, and the appeal was perfected.

An appeal is allowed by the statute only for the purpose of reviewing final judgments, orders or decrees, and no appeal can be taken from an interlocutory order, decree or judgment entered in the progress of a cause unless specially authorized by statute. (*Keel* v. *Bently,* 15 Ill. 228; *Cunningham* v. *Loomis,* 17 id. 555; *Hawkins* v. *Burwell,* 191 id. 389.) The decision of the court on the motion, and the order denying the same, were interlocutory and did not constitute a final adjudication between the parties. The court merely sustained the right of the appellee to proceed with the cause and have the compensation and damages ascertained. No appeal could be taken from that order, and the appeal finally taken was not from the final judgment but from the interlocutory order. The appellant excepted to the ruling of the court on his motion and was compelled to proceed to trial, and if he had appealed from the final judgment he might have assigned error on the ruling of the court in denying his motion. If that had been done and this court had found that there was no right to condemn the property, the final judgment would, of course, have been reversed for that reason. The final order recited that the court had previously overruled the motion to dismiss, and found that the appellee was authorized and empowered, and had the right in law, to condemn the leasehold interest of appellant, and the court then proceeded to final judgment ordering that appellee enter upon the property, and the use of the same, upon payment of full compensation fixed by the stipulation. There was no appeal from that final judgment, but appellant expressly limited his appeal to the decision on the motion, on which no appeal would lie. The only appeal authorized by law would have been from the final judgment of the court, and the appeal prayed for was improvidently allowed by the court.

The appeal is dismissed.                    *Appeal dismissed.*