**John H. Lewman, State's Attorney, ex rel., etc., Appellant, v. F. M. Alexander et al., Appellees.**

APPEALS AND ERRORS—*what not final judgment.* An order sustaining a motion to withdraw leave to file an information and which does not actually dispose of the information already filed, is not final and appealable.

Quo warranto. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Appeal dismissed. Opinion filed December 15, 1909.

JOHN H. LEWMAN, RALPH B. HOLMES and REARICK & MEEKS, for appellant.

MABIN & MORRIS, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On January 26, 1909, there was presented to the Circuit Court of Vermilion county, the Hon. James W. Craig presiding, a petition for leave to file an information in *quo warranto* in which it was averred that three of the defendants were professing to hold the office of Trustees of the Church of Christ at Brooks-Point, and that they, together with the other defendants, were professing to act as a religious corporation under that name. Upon leave being granted, the

state's attorney in the name of The People, on the relation of T. W. Blakeney, filed an information consisting of two counts, in one of which it was charged that the defendants were usurping said office of Trustees, and in the other that they were unlawfully, with others, acting as such religious corporation.

On February 4, 1909, the defendants filed in said Circuit Court, the Hon. E. R. E. Kimbrough presiding, a written motion setting forth that the order of court theretofore entered was made under misapprehension of facts and improvidently entered; that the proceeding was *ex parte* and *in fieri;* that the proceeding was designed to serve private ends; that no public interests were at stake; that the process of court had been abused; that had the court known of the facts set forth in affidavits therewith filed, the order would not have been made; that no action had been taken by any public body demanding such proceedings on behalf of the people, and praying that the proceedings under said order be vacated, and that the leave to file the information theretofore entered be set aside, and that the court proceed no further. In support of such motion a number of affidavits were filed.

On April 16, 1909, the motion was heard upon the affidavits in question and certain records which were introduced in evidence, whereupon the leave to file the information in question was revoked. The final order in said cause as shown by the record, reads as follows: "Thereupon the defendants' motion to vacate order of January 26, 1909, heretofore entered herein is allowed, to which ruling of the court the plaintiff excepts and prays an appeal," etc.

It is urged by appellant that after leave had once been given to file the information and summons had been issued and returned, the court was not justified in withdrawing the leave to file such information solely upon the showing made by the affidavits and other documentary evidence. This court is not called upon to determine the question, for the reason that

the judgment entered was not final.  The effect of the order in question was merely to sustain the motion to withdraw the leave to file the information granted. It does not even, in terms, withdraw such leave.  No steps were taken to have the information stricken from the files, and the proceeding must be regarded as still pending.  The record fails to show that the rights of the parties were finally determined by the order, which was interlocutory only in its nature.  An appeal is allowed by the statute only for the purpose of reviewing final judgments, orders or decrees, and no appeal can be taken from an interlocutory order, decree or judgment entered in the progress of a cause unless specially authorized by statute.  R. R. Co. v. Preucil, 236 Ill. 491.

The motion of appellee to dismiss the present appeal must therefore be sustained and the same is dismissed accordingly.

*Appeal dismissed.*