(No. 36349.—

Trustees of Schools of Township No. 42, for use of Board of Education of School District No. 57, Cook County, Appellees, *vs.* Gerald A. Schroeder *et al.*, Appellants.

*Opinion filed September 22, 1961.*

WAHLER and PECYNA, ROBERT A. SPRECHER, EDWARD W. BARRETT, and LEN YOUNG SMITH, all of Chicago, for appellants.

ANCEL, SIEGEL & STONESIFER, and ALBERT J. HORRELL, both of Chicago, (A. HOWARD BORDE, of counsel,) for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal, upon leave granted by this court,

from an order of the circuit court of Cook County granting a new trial in an eminent domain proceeding. Our jurisdiction is based upon section 12 of the Eminent Domain Act, (Ill. Rev. Stat. 1959, chap. 47, par. 12,) and section 77(2) of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 77.

Plaintiffs, the trustees of schools of a township, filed a petition to condemn for school purposes, a 17.5-acre tract of land owned by defendants, Gerald A. Schroeder and Clara Schroeder, his wife. The acreage in question is in the form of a right angle triangle with its base on the south, its altitude on the west, a truncated northern point and its hypotenuse extending for 1375 feet northwesterly and southeasterly along Rand Road in an unincorporated area of Cook County. The property, which is presently used as a truck farm, is in many ways unique, making comparison sales a difficult and inconclusive criterion. It is located in the heart of a thriving area of shopping-center development. A short distance to the southeast on Rand Road a 40-acre shopping center for chain store tenants is under construction and one-half mile to the northwest on Rand Road a 60-acre shopping center is under construction. The subject property itself is adjacent to the village of Mount Prospect, being six blocks from the business district of the village. It is within easy access of schools, parks, churches, toll roads, expressways and public transportation. Water and sewers are available at the property and the surrounding area is building up rapidly. Rand Road, upon which the tract has extensive· frontage, is United States Route 12 and is a heavily traveled thoroughfare.

Defendants filed a traverse to the petition to condemn, alleging their property was exempt from condemnation, but it was denied. At the ensuing jury trial on the issue of compensation, a verdict was returned awarding defendants $267,083.33 and judgment was entered on the verdict the following day. Plaintiffs filed a post-trial motion, and, ap-

proximately two months after judgment, the court ordered that if the defendants would file a remittitur of $42,083.33, reducing the award to $225,000, the plaintiffs' post-trial motion would be denied, whereas if such a remittitur was not filed, a new trial would be allowed. Defendants did not file the remittitur, whereupon the court entered an order granting a new trial. We have allowed defendant's petition for leave to appeal from that order.

One issue raised by defendants on this appeal, which may be disposed of at the outset, is that the trial court erred in denying their traverse to the condemnation petition. Determination of such an issue, however, is beyond the limits of permissible review on appeal from an order granting a new trial. (See: *Kavanaugh* v. *Washburn*, 387 Ill. 204.) Moreover, in an eminent domain proceeding a ruling on a traverse may be appealed only where a final judgment fixing compensation has been entered. *Chicago Housing Authority* v. *Abrams*, 409 Ill. 226, 229-230; *Chicago Land Clearance Com.* v. *White*, 409 Ill. 290; *Chicago Terminal Transfer Railroad Co.* v. *Preucil*, 236 Ill. 491.

The remaining contention of the defendants is that the trial court erred by substituting its opinion of value for that of the jury and granting a new trial. In support thereof defendants rely upon the familiar principle that a verdict in an eminent domain proceeding will not be disturbed where it is within the range of the evidence, and insist there is no showing of mistake, passion or prejudice such as would warrant or justify disturbing the jury's verdict. Plaintiffs' for their part, concede that the trial court may have given an erroneous reason for granting a new trial, (*i.e.,* defendant's failure to remit,) but assert that the order was nonetheless correct and subject to affirmance on appeal, (See: *Rosehill Cemetery Co.* v. *City of Chicago*, 352 Ill. 11, 33; *Hunt* v. *Mitchell*, 409 Ill. 321, 327) on the ground, also raised in its post-trial motion, that none of the defendants' evidence as to the value of their land was competent.

Three expert witnesses testified for defendants in this regard. To sustain their contention, plaintiffs argue that the experts were not sufficiently familiar with the property to qualify as witnesses, and that their opinions as to value were based on hearsay and other improper elements.

We see no useful purpose in unduly extending this opinion to set forth the qualifications of the defendants' witnesses and their testimony, or the minute and numerous objections of plaintiffs relating to both factors. The same contentions were frequently and thoroughly explored in the trial court and in all instances were consistently decided adverse to plaintiffs' objections. It has often been held that the question of the market value of land is not a question of art or science, but that it is a question of fact to be proved like any other fact, and that any person who is acquainted with the land and has knowledge of real estate values in the vicinity is competent to testify as to its value. (*Trunkline Gas Co.* v. *O'Bryan,* 21 Ill.2d 95; *Illinois Power and Light Corp.* v. *Talbott,* 321 Ill. 538.) We have held, too, that the question of the qualification of witnesses as to the value of property rests largely with the discretion of the trial court, (*City of Geneseo* v. *Schultz,* 257 Ill. 273,) and that the extent or amount of the witness's experience goes only to the weight that is to be given his testimony. (*Trustees of Schools* v. *Kirane,* 5 Ill.2d 64.) Considering all the evidence adduced by the parties, rather than the fragmentary bits from which plaintiffs draw their arguments, we agree with the trial court that the witnesses were competent to testify, and that their opinions were not based solely on hearsay or other improper elements. In view of this we must determine whether the trial court erred in granting a new trial.

The witnesses for the plaintiffs valued the subject property at $85,000, $87,500, $93,000 and $100,000, respectively, whereas the witnesses for the defendants established the value at $340,000, $348,900 and $361,000 respectively.

The range of testimony was $85,000 to $361,000. Actually, the jury verdict awarded the property owners $267,083.33 which was well within the range of the testimony. We have held on many occasions that where an award is made by a jury in an eminent domain proceeding in which the evidence is conflicting, and the jury views the property and fixes the amount of compensation within the range of the evidence, such a verdict will not be disturbed unless there has been a clear and palpable mistake or the verdict was the result of passion or prejudice. *Housing Authority of East St. Louis* v. *Kosydor*, 17 Ill.2d 602; *County of Cook* v. *Vulcan Materials Co.* 16 Ill.2d 385; *Central Illinois Electric and Gas Co.* v. *Scully*, 17 Ill.2d 348; *County of Cook* v. *Colonial Oil Corp.* 15 Ill.2d 67.

The mere fact that the trial court suggested a remittitur does not establish that the verdict was the result of passion or prejudice and is not to be considered as a concession that the jury was mistaken or actuated by passion or prejudice. (See: *Andres* v. *Green*, 7 Ill. App. 2d 375; *Gleason* v. *Cunningham*, 316 Ill. App. 286; *Fitzpatrick* v. *California & Hawaiian Sugar Refining Corp., Ltd.*, 309 Ill. App. 215.) We have examined the record and find no palpable mistake or indication that the verdict was the result of passion or prejudice.

Under these circumstances, we are of the opinion the trial court erred in setting aside the verdict which was within the range of the evidence. Accordingly, the order of the circuit court of Cook County is reversed and the cause remanded, with directions to vacate the order granting a new trial and to enter judgment upon the verdict for $267,083.33.

*Reversed and remanded, with directions.*