The Department of Public Works and Buildings of the State of Illinois for and in Behalf of the People of the State of Illinois, Petitioner-Appellee, v. Virgil King, Rosa King, Defendants-Appellants, R. S. Eastwood, et al., Defendants-Appellees.

Gen. No. 68–46.

Fifth District.

August 6, 1969.

C. Robert Hall, of Carbondale, for appellants.

William J. Scott, Attorney General of State of Illinois, of Springfield, and Robert L. Lansden, Special Assistant Attorney General, of Cairo, for appellees.

EBERSPACHER, J.

This is an eminent domain proceeding by the Department of Public Works and Buildings of the State of Illinois for the acquisition of right-of-way for Interstate Route 57. Several tracts, all in Pulaski County, were included in the petition for condemnation but all were treated separately. The defendants, Virgil King and Rosa King, husband and wife, have appealed from a judgment on the verdict wherein the jury awarded the defendants $3,978 for the land taken and $1,500 for damages to the remainder.

The defendants have raised two issues in their appeal: First, did the trial court commit error in permitting the petitioner to amend its petition and in denying the defendants a general continuance in order to meet the amendment and a second, did the trial court commit error in permitting certain opinion evidence offered on behalf of the petitioner?

It appears from the record that the Petitioner, hereinafter referred to as the State, filed its petition for condemnation on June 25, 1965. The petition sought to condemn a strip of property of the defendants containing 15.3 acres and was referred to in the petition as Tract No. 27. The original petition described an 85-acre area owned by the defendants of which Tract No. 27 was a part.

At the same time the petition was filed, a motion was filed for immediate vesting of title, in accordance with the provisions of the Eminent Domain Act. The motion was allowed, and on July 20, 1965, after due appraisal, preliminary just compensation was allowed in the sums of $4,500 for the land taken, and $1,500 for damages to the remainder of the 85 acres. These amounts were withdrawn by the defendants on August 31, 1965.

On December 12, 1967, the case was called for trial. The defendants had filed no answer or cross-petition. A jury was selected and taken to view the premises on that date.

On December 13, 1967, the trial reconvened and the State introduced its evidence. The State presented three witnesses. All three of the witnesses' testimony concerning the King farm referred to one contiguous piece of property operated as one economic unit consisting of 272 acres. The 272 acres consisted of the 85 acres generally described in the petition, of which Tract No. 27 was a part and 187 acres which had a common corner with the 85 acres. Multiple exhibits were introduced without objections, including maps, sketches, and aerial photographs, each depicting the King farm as consisting of 272 acres. Of the three witnesses testifying for the State, two testified as to the value of the property taken, i. e., Tract No. 27. The value of Tract No. 27 as opinioned by the witnesses was based upon their opinion of the value of the whole farm which they continuously referred to as consisting of 272 acres. Both during direct examination and cross-examination by the defendants all evaluations of the King farm were of the entire 272 acres.

After the State had rested its case the defendants then proceeded with their evidence. The first witness in the defendants' case was the defendant, Virgil King. During the cross-examination of the defendant by the State, the defendant was asked to make a comparison of the 85-acre tract to the 187-acre tract. The defendants

objected on the ground that the parties were governed by the pleadings and the general description as contained in the State's petition described only the 85-acre tract. Thereupon, the State moved and was granted, over the objection of the defendants, leave to amend the general description of the petition to include the 187 acres. The defendants then moved for a general continuance purportedly to meet the amendment. The Court denied the motion for a general continuance but granted the defendants fifteen minutes to confer with their witnesses.

██ There is ample authority for permitting an amendment to a petition for condemnation during the course of the trial. Union Elec. Power Co. v. Sauget, 1 Ill2d 125, 132, 115 NE2d 246, c 45, par 5, Ill Rev Stats 1967. In the present case the State proceeded on the theory that the King farm, or the total economic unit of which Tract 27 was a part, consisted of 272 acres. The maps, drawings and aerial photographs which were introduced by the plaintiff, with no objection by the defendants, depicted the defendants' farm as 272 acres. All three of the witnesses testifying in behalf of the State consistently referred to and based their evaluation on the total 272-acre King Farm. The Defendants' cross-examination also consistently referred to the entire King Farm. Accordingly, the defendants' allegation that the amendment took them by surprise and materially changed the proceedings is without any basis in the record.

██ We can hardly see how the defendants were prejudiced, particularly in light of the fact that they had filed no Answer or Cross-Petition. If anything, the amendment allowed the defendants an opportunity to prove damages to a greater portion of the property not taken. Before the amendment the defendants were limited to proof of damages to the property not taken in the 85-acre tract, whereas after the amendment the defendants had the opportunity of proving damages to the

entire 272 acres which had been occasioned by the condemnation of Tract No. 27. The defendants were certainly not surprised inasmuch as all of the testimony, exhibits, and evaluations were as to the entire 272 acres. Under these circumstances we do not feel that the Court abused its discretion in denying the defendants a general continuance.

█ The defendants next contend that the trial court erred in permitting one of the State's witnesses to testify as to land values. The gist of the defendants' argument is that there was no showing of the particular witness complained of being familiar with the property being condemned or having any peculiar means of forming an intelligent and correct judgment as to the value. It appears from the record that the particular witness was a staff appraiser for the Division of Highways for the State of Illinois; that he was familiar with and had been on the King farm and had examined the farm and its improvements; that he had personally studied records of conveyances in Pulaski County, and had visited various farms and other types of property in Pulaski County to arrive at values; that he had visited every parcel of land involved in the Interstate 57 construction program in Pulaski County and was personally familiar in general with the land in Pulaski County through which Interstate 57 travels, having been employed in its right-of-way acquisition for the past 15 years.

The defendants' argument may be answered very succinctly by the following excerpts from Trustees of Schools of Tp. No. 42, Board of Education of School Dist. No. 57, Cook County v. Schroeder, 23 Ill2d 74, at page 78, 177 NE2d 178, wherein the Court stated:

> "It has often been held that the question of the market value of land is not a question of art or science, but that it is a question of fact to be proved like any other fact, and that any person who is acquainted with the land and has knowledge of real

361

estate values in the vicinity is competent to testify as to its value (Trunkline Gas Co. v. O'Bryan, 21 Ill 2d 95; Illinois Power and Light Corp. v. Talbott, 321 Ill 538). We have held, too, that the question of the qualification of witnesses as to the value of property rests largely with the discretion of the trial court, (City of Geneseo v. Schultz, 257 Ill 273), and that the extent or amount of the witness's experience goes only to the weight that is to be given his testimony. (Trustees of Schools v. Krance, 5 Ill 64.)"

All the facts and circumstances compel the conclusion that the defendants received a fair and complete trial upon the question of value of property taken and the damages to the remainder. The judgment of the Circuit Court of Pulaski County is affirmed.

Judgment affirmed.

GOLDENHERSH and MORAN, JJ., concur.