THE DEPARTMENT OF PUBLIC WORKS AND BUILDINGS, Petitioner-Appellant, v. SARAH BUTLER et al., Defendants—(IMOGENE MURPHEY et al., Defendants-Appellees.)

(No. 11484; )

Fourth District—April 6, 1972.

*Rehearing denied June 5, 1972.*

William J. Scott, Attorney General, of Springfield, (William P. Ryan, Assistant Attorney General, and Jeffrey C. Taylor, Special Assistant Attorney General, of counsel,) for appellant.

Herrick, Rudasill & Moss, of Clinton, (A. J. Rudasill, of counsel,) for appellees.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The Department of Public Works and Buildings, as a petition in certain highway condemnation proceedings, appeals a judgment entered for defendants as a result of a verdict directed by the trial court. The circuit court of De Witt County directed a verdict after striking certain valuation testimony of the petitioner's witness as to damages to land taken and land not taken. We affirm.

Defendants, Imogene S. Murphey, Levi R. Murphey, Joseph S. Murphey, Harriet M. Hanna, and Mary Malinda McKinnley, were owners of a 491 acre farm in De Witt County across which such highway is proposed. Petitioner proposed to take for highway a 12.77 acre portion of said farm from its southwest corner in a more or less triangular manner, leaving a 6.64 acre strip beyond it in said southwest corner.

The farm contained improvements of a large home and several outbuildings (silos, sheds, a barn and storage bins) located on the southwest corner of the whole farm, but not on the 12.77 acre strip. The farm was being used as a unit for a grain operation, but the area south of the improvements (including the 12.77 acre strip to be taken) was used for a cattle feeding operation.

Petition produced only one witness on value, namely James Lloyd Brown, a licensed real estate broker, who during the five previous years had made 25 to 30 appraisals of farm and residential property in the county, about one-half of which were done for petitioner in connection with his road project. He testified to having inspected the premises, taking measurements, and making a study of what were described as "comparable sales". He testified on direct examination that the fair cash

market value of the whole for its highest and best use was $417,500 (being $850 an acre); that the fair cash market value of the 12.77 acres taken was $10,200 (being $800 an acre); that the value of the remainder was $407,300 for the remaining 478.38 acres; that the value of the remainder by itself after construction was $404,900; and that the damage to the remainder was $2400. His opinion was that total compensation should be $12,600.

Upon cross-examination, Brown testified that because the land taken (12.77 acres) was bare land, he appraised it only as such, giving no value to it for the improvements of the whole farm of which it was a part. Thereupon, defendant objected to his entire testimony and moved it be stricken on the basis that he considered the 12.77 acres taken as of the value of bare land only and having no value because it was part of a whole farm with improvements. The court struck his testimony, except for his valuation of the farm as a whole. Petitioner rested its case without further value testimony.

Defendants then called one of the owners, Joseph Murphey, who testified the fair cash market value of the farm for its highest and best use was: (a) for the part taken, $10,556; (b) damage to the remainder, $14,484; and (c) total just compensation for taking and damages, $25,050.

The court then directed a verdict for defendants in accordance with the testimony of defendant Murphey and judgment was entered thereon.

The sole issue for review is whether the trial court was correct in striking all valuation testimony of J. Lloyd Brown, petitioner's only valuation witness, except for his opinion as to the value of the entire 491 acre farm.

■■ The law of eminent domain in Illinois was clearly laid down in *Illinois, Iowa and Minnesota Railway Co. v. Humiston* (1904), 208 Ill. 100, 69 N.E. 880 that where a parcel of land, used as a part of an entire property, is taken for public use, and the land taken is of greater value, considered as a part of the entire property, than if taken as a distinct and separate piece entirely disconnected from the remainder, the just compensation for the part taken is its fair cash market value when considered in its relation to and as a part of the entire property and not simply its value as a separate and distinct piece. (See also, *City of Chicago v. Cruse* (1929), 337 Ill. 537, 169 N.E.322.) There has been no deviation from application of this principle in the Illinois cases.

We see no justification under the facts of this case for deviation from this law. Neither *Department of Public Works and Bldgs. v. Foreman* (1936), 363 Ill. 13, 1 N.E.2d 75, nor *Department of Public Works and Bldgs. v. Oberlaender* (3rd Dist. 1968), 92 Ill.App.2d 174, 235 N.E.2d 3, held that some increase in value should not be attributed to all parts of a whole tract, as entirely different facts were present in those cases.

██ While it is true that not every acre of a farm may share the same increase of the improvements' values, it shares some increase. Brown's testimony was properly stricken except as to his valuation of the farm as a whole. Where an appraisal witness bases his opinion on improper elements, it is proper for the court to strike his testimony. *City of Chicago v. Giedraitis* (1958), 14 Ill.2d 45, 150 N.E.2d 577; *City of Chicago v. Central National Bank* (1955), 5 Ill.2d 164, 125 N.E.2d 94.

With the petitioner offering no other evidence, the testimony of valuation by defendants' witness was the only testimony properly before the jury. The court properly directed a verdict and entered judgment in such amount. There was no reversible error.

Judgment affirmed.

TRAPP, P. J., and SMITH, J., concur.