THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* FRED ZABEL, JR., *et al.*, Defendants-Appellees.

(No. 74-242;

Third District—June 12, 1975.

*Opinion modified upon denial of rehearing July 18, 1975.*

William J. Scott, Attorney General, of Springfield (Thomas Judd and Raymond Terrell, Assistant Attorneys General, of counsel), for appellant.

Gomien & Glennon, Ltd., of Dwight, and Robert H. Adcock, of Morris (Roger B. Gomien, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The Department of Transportation of the State of Illinois appeals from an order of the Circuit Court of Grundy County which dismissed the petition for condemnation of certain lands belonging to defendants Fred Zabel, Jr., and Jeanne Zabel, as a sanction for the purported failure to comply with discovery orders of that court.

The record discloses that the Department filed the condemnation proceeding against defendants to obtain land for construction of Interstate Highway 55 between Bloomington and Joliet. The petitioner thereafter initiated the so-called "quick-take" proceeding under the Eminent Domain Act (Ill. Rev. Stat. 1973, ch. 47, § 2.1 *et seq.*) and title was vested in the petitioner by order of the court on June 2, 1972, following deposit by the Department of 125% of the preliminary compensation (as stipulated by the parties and as found by the court).

On January 23, 1973, pursuant to motion, the trial court ordered the Department to produce all appraisals of the land which was being condemned and the land remaining; all reviewers' notes pertaining to such appraisals; all written assurances to the Federal Government under the Real Property Acquisition Act (Pub. L. 91—646, §§ 301, 305, 42 U.S.C.A. §§ 4651, 4655); and all regulations adopted by the Department pursuant to that Federal law. Thereafter, on January 21, 1974, defendants filed a motion to dismiss the petition on the ground that the Department had failed to fully comply with the discovery order of the previous January. The court thereupon again ordered the Department to produce all required documents. On January 28, 1974, the Department advised the court that all appraisals and notes thereon had already been produced and that written assurances under P.L. 91—646 were not available, and that no regulations thereunder had been adopted.

On February 4, 1974, the Department made available to defendants certain documents regarding some of the assurances under P.L. 91—646. Defendants then moved for further information and alleged, on information and belief, that the Department was withholding evidence of assurances that it had made that it would comply with the policy and proceed under 42 U.S.C.A. §§ 4651, 4655. The Department answered that it had produced all the relevant materials and documents. The court nevertheless made a further order to produce on April 4, 1974. The Department on that date filed its motion to limit discovery on the ground that petitioner furnished all documents in its possession which were relevant to the cause before the court and denied the relevancy of the matters contained in defendant's motion to produce of March 12, 1974. On April 26, 1974, the defendants filed a motion to dismiss the petition on the ground that petitioner had not complied with the order to produce and requested

the sanction of dismissal of the petition pursuant to Supreme Court Rule 219 (Ill. Rev. Stat. 1973, ch. 110A, § 219). A similar motion was filed on May 8, 1974.

The trial court then entered its written order, *nunc pro tunc,* as of May 8, 1974, dismissing the petition for condemnation with prejudice and vacating the order of the court vesting title in petitioner and directing defendants to redeposit with the treasurer of Grundy County all monies withdrawn by them, as a sanction imposed under Supreme Court Rule 219 (Ill. Rev. Stat. 1975, ch. 110A, § 219) for failure on part of petitioner to comply with the court order for production of documents.

On appeal in this court, the Department asserts that the dismissal with prejudice was improper on various grounds, including that it amounted to an unconstitutional restriction on the sovereign power of eminent domain, and also that the trial court lacked power to divest title vested in the Department or to vacate a 2-year-old order as a discovery sanction under Supreme Court Rule 219. Since we conclude that the sanction of dismissal as imposed in this cause is too severe and constitutes an abuse of discretion in any event, as related to the scope of the presumed failure to comply with the discovery orders, we find it unnecessary to discuss the broader grounds relating to the power of eminent domain and unconstitutionality. What was sought through discovery by the defendants were copies of certain assurances by the State of its agreement to conform to policies expressed in the Land Acquisition Act in section 301. Such assurances are requisite to enable the State to receive Federal funds for the highway construction involved. Policies expressed in section 301 generally protect the landowner from overreaching by the condemning authority, so that the landowner is paid at least the approved appraisal value of the land.

From the record, it is apparent that whether or not the assurances were made would relate only to the issue of ultimate compensation to defendants, and not to the issue of petitioner's authority to exercise eminent domain or the necessity for taking land, which issues were decided 2 years previously in the quick-take portion of the proceedings. Apparently, on the basis of statements by defendants in the brief and by reason thereof thereafter referred to by the petitioner, evidence of such assurances did turn up in a Livingston County condemnation suit shortly after the dismissal in the instant cause. It appears, therefore, that the State has complied with the Federal requirements.

■▌ The Illinois Supreme Court, in considering the predecessor to Supreme Court Rule 219, which pertained to discovery sanctions, interpreted such rule "as authorizing pleadings to be stricken only when the stricken pleadings bear some reasonable relationship to the information

withheld." (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill.2d 180, 197, 226 N.E.2d 6.) Obviously a "reasonable relationship" should be required as a minimum when the sanction is not merely the striking of pleadings but the outright dismissal of the case. As clearly expressed in cases considering the issue of sanctions, the action of the court in imposing such sanctions should be such as to promote the goal of discovery, not to punish the offending party. (*People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill.2d 180, 196.) The dismissal of a cause with prejudice is a drastic sanction and should be employed only as a last resort, when the uncooperative party shows "a deliberate, contumacious or unwarranted disregard of the court's authority" (*Schwartz v. Moats* (4th Dist. 1971), 3 Ill.App.3d 596, 599, 277 N.E.2d 529; *Gillespie v. Norfolk & Western Ry. Co.* (4th Dist. 1968), 103 Ill.App.2d 449, 456, 243 N.E.2d 27).

■■ We note that Supreme Court Rule 219 provides the trial court with a variety of sanctions, allowing considerable flexibility and leverage to the court to insure full discovery in each case. A variety of sanctions could be appropriate in the instant case in the event the department was not cooperative. The State itself had suggested that the imposition of attorney's fees and other related costs could have been imposed as against a clearly recalcitrant party, following an order of contempt. Such sanctions should certainly suffice for all purposes in the case before us. It is also apparent that the trial court in imposing the sanctions must have failed to give due consideration to the effect on the Department in its role in the case as a governmental body representing the public interest. While the State is not immune from the application of the usual rules of law and procedure, the trial court should still be aware that substantial public interest and funds should not be jeopardized by technical mistakes or even erroneous tactics on the part of counsel for such public body or agency.

■■ We, therefore, conclude, on the record, that the trial court abused its discretion in the instant case by imposing a sanction which was not justified on the basis of the non-compliance shown in the cause. As a further direction to the trial court, we observe that the court had set a date for valuation of the land other than the date of filing of the petition. This was clearly erroneous since the value must be set as of the date the petition was filed. Ill. Rev. Stat. 1973, ch. 47, § 9.7; *Trustees of Schools v. First National Bank* (1971), 49 Ill.2d 408, 411, 274 N.E.2d 56.

The order of the Circuit Court of Grundy County is, therefore, reversed, and this cause is remanded with directions to the trial court to reinstate the petition filed by the Department in this cause and to vacate

the dismissal order entered by the Grundy County Circuit Court; and, also, to proceed with the condemnation action filed by the Department of Transportation in this cause. The trial court, upon request by the appellant, should vacate the order entered therein changing the date of valuation from the date of filing to a later date.

Reversed and remanded with directions.

STOUDER, P. J., and STENGEL, J., concur.