THE DEPARTMENT OF TRANSPORTATION, Petitioner-Appellant, *v.* FRED ZABEL, JR., *et al.*, Defendants-Appellees.

Third District    No. 76-138

Opinion filed March 16, 1977.—Rehearing denied May 24, 1977.

William J. Scott, Attorney General, of Chicago (Thomas R. Judd and Roy E. Frazier, Jr., Assistant Attorneys General, of counsel), for appellant.

Roger B. Gomien, of Dwight, and Robert H. Adcock, of Morris, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

This is the second appeal taken by the Department of Transportation from judgments of the Circuit Court of Grundy County in an eminent domain action involving the same property. After a directed verdict in favor of the defendants, the petitioner is seeking a new trial because of the trial court's rulings to exclude certain appraisal testimony during the trial.

Prior to the trial, the defendants filed a motion *in limine* requesting the trial court to allow evidence of appraisal of valuation only from the petitioner's approved appraiser. (The "approved appraiser" is the one whose appraisal is selected by the Division of Highways for use in the negotiation process.) In addition, the motion asked that no evidence be allowed if: (1) It was based on an appraisal for which the defendants were not given an opportunity to accompany the appraiser, (2) it was based on an appraisal of which a written summary was not furnished the defendants, or (3) it was based on an appraisal done an unreasonable length of time prior to the date of filing the petition unless the appraisal was up-dated and a summary of the basis of updating has been provided to the defendants. This motion, which was founded upon 42 U.S.C. §§ 4651, 4655 (1970), The Real Property Acquisition Policies Act of 1970, was granted by the trial court. During the hearing, the testimony of all three of the petitioner's appraisers was disallowed and valuation was finally established on the basis of the testimony of the landowner alone. The testimony of two of the petitioner's appraisers was disallowed because they were not the approved appraiser. In addition, the testimony of all three petitioner's appraisers was refused presentation to the jury because of the remoteness of the appraisals to the date of valuation and because of the improper theory of valuation utilized by those appraisers.

This appeal, however, involves the testimony of only two of the petitioner's witnesses, the petitioner admitting in its reply brief that the third appraiser's testimony should not have been allowed because his appraisal was lower than that of the approved appraiser. As to the testimony of the petitioner's other two witnesses, we affirm.

■■ The relevant sections of The Real Property Acquisition Policies Act of 1970 require the State to provide certain assurances to the Federal government in order to receive Federal funds. The defendants contend that, not only must the State comply with these assurances, but the defendants can enforce them as third party beneficiaries. Section 4655 makes the receipt of assurance of compliance with section 4651 a condition precedent to a Federal agency granting approval to a State program. "Policies expressed in section [4651] generally protect the

landowner from overreaching by the condemning authority, so that the landowner is paid at least the approved appraisal value of the land." (*Department of Transportation v. Zabel* (3rd Dist. 1975), 29 Ill. App. 3d 407, 409, 330 N.E.2d 878, 880.) In that earlier appeal it was determined that the State complied with the Federal requirements. However, section 4602(a) of the same act states that section 4651 creates "no▸rights or liabilities and shall not affect the validity of any property acquisition by purchase or condemnation." Nor does it create "any element of value or of damage not in existence prior to January 2, 1971." (72 U.S.C. 4602(b) (1970).) No rights are created in the landowner which are enforcible in a Federal district court. (*Rubin v. Department of Housing & Urban Development* (E.D. Pa. 1972), 347 F. Supp. 555.) Only policy guidelines are established.

■■ Although the landowners have been considered donee third-party beneficiaries where the provisions of the Act were incorporated into the agreement between the Federal and State agencies (*Bethune v. Department of Housing & Urban Development* (W.D. Mo. 1972), 376 F. Supp. 1074), this result would have to be reached by an application of State contract law, not merely Federal law. See *Barnhart v. Brinegar* (W.D. Mo. 1973), 362 F. Supp. 464, which stated that, even assuming *arguendo* that third-party beneficiaries were created by the incorporation of section 4651 into the agreement, Federal question jurisdiction would not be conferred upon the court. And the Illinois Supreme Court has already determined that landowners were not third-party beneficiaries of a contract between the United States Government and the Chicago Land Clearance Commission because the Federal Housing Act did not confer any legal rights on the owners and residents " 'separate from their positions as members of the general public'." (*City of Chicago v. R. Zwick Co.* (1963), 27 Ill. 2d 128, 133, 188 N.E.2d 489, 491-92.) Furthermore, this was the court's holding even though Federal funds were being applied because "[a] condemnee has no legal interest in the source of a condemnor's funds." (*City of Chicago v. R. Zwick Co.* (1963), 27 Ill. 2d 128, 132, 188 N.E.2d 489, 491.) The Seventh Circuit Court of Appeals reached the same conclusion. "[S]uch provisions and regulations thereunder do not confer legal rights upon plaintiffs, as individuals, separate from their position as members of the general public." (*Harrison-Halsted Community Group, Inc. v. Housing & Home Finance Agency* (7th Cir. 1962), 310 F.2d 99, 104.) Even assuming the land acquisition was federally funded, the condemnees in this case acquire no rights under section 4651, because of section 4602. (*Rhodes v. City of Chicago* (7th Cir. 1975), 516 F.2d 1373.) The defendants acquired no rights under the Real Property Acquisition Policies Act of 1970 independent of their position as members of the public in general and,

therefore, cannot enforce the assurances made as third-party beneficiaries. In any event, the contract between the State and Federal agencies was not received into evidence, and therefore, the defendants' claim that they are third-party beneficiaries of the alleged contract must fail. For these reasons, the trial court erred in allowing the defendants' motion *in limine*.

The discussion of the issue of remoteness should be prefaced by commenting that in the prior appeal, *Department of Transportation v. Zabel* (3rd Dist. 1975), 29 Ill. App. 3d 407, 330 N.E.2d 878, this court directed the trial court not to set a valuation date other than the filing date of the petition. Pursuant to our mandate and the petitioner's motion to reset the valuation date, the valuation date was set at January 17, 1972. During the petitioner's offer of proof, the appraisal witnesses for the petitioner testified that their latest on-site inspections of the farm were August 4, 1971, and July 20, 1971. They further testified that they drove past the farm and observed that no new improvements were made on the farm between the inspection dates and the valuation date. Their method of updating the appraisals to the valuation date was also presented in their testimony.

■■ The State has the burden of proving the fair cash value of the property taken. (*County of Cook v. Holland* (1954), 3 Ill. 2d 36, 119 N.E.2d 760.) Evidence of market value may be utilized as long as that fact is proved by a person acquainted with the land and having knowledge of local real estate values. (*Trustees of Schools v. Schroeder* (1961), 23 Ill. 2d 74, 177 N.E.2d 178.) The question of the qualification of the witness to determine property value is within the discretion of the trial court, but generally, the question of a witness' experience goes only to the weight of his testimony. *Trustees of Schools v. Schroeder* (1961), 23 Ill. 2d 74, 177 N.E.2d 178.

■■ In this case there has been no challenge to the experience or qualifications of the State's appraisal witnesses, only to their familiarity with the defendants' property. If a witness evidences familiarity with the property, the witness will be allowed to testify. (*Department of Public Works & Buildings v. King* (5th Dist. 1969), 111 Ill. App. 2d 357, 250 N.E.2d 187.) If not, the witness will not be allowed to testify. (*Department of Public Works & Bldgs. v. Bohne* (1953), 415 Ill. 253, 113 N.E.2d 319.) In this case, the petitioner's appraisal witnesses evidenced sufficient familiarity with the defendants' land that their appraisals could not have been determined to be remote as a matter of law. That the witnesses' on-site inspection occurred about six months prior to the valuation date is a matter for the jury to consider in ascribing weight to the testimony. Had remoteness been the only ground for the trial court's

denying admission of this testimony, we would clearly have to find the trial court in error.

■■■ Concerning the issue of improper theories of valuation, both parties agree that the controlling law is that presented in *Department of Public Works & Buildings v. Butler* (4th Dist. 1972), 5 Ill. App. 3d 134, 283 N.E.2d 109. The relative dependence or independence of the part taken to the entire tract may be proven. (*Department of Public Works & Buildings v. Oberlaender* (3rd Dist. 1968), 92 Ill. App. 2d 174, 235 N.E.2d 3.) However, the trial court may strike the testimony where an appraisal witness bases his opinion on improper elements. (*Department of Public Works & Buildings v. Butler* (4th Dist. 1972), 5 Ill. App. 3d 134, 283 N.E.2d 109.) The witnesses for the petitioner cannot testify that the bare land to be taken is not enhanced in value by reason of improvements on the whole farm. (*Department of Public Works & Buildings v. Butler* (4th Dist. 1972), 5 Ill. App. 3d 134, 283 N.E.2d 109.) That would lead to the incongruous result of having the bare unimproved land taken valued lower than the bare unimproved land not taken and remaining associated with the improvements. Therefore, the trial court properly allowed the defendants to cross-examine the petitioner's witnesses as to the contributory value of the improvements to the bare land taken. And it was proper for the trial court to refuse the petitioner's offers of proof since cross-examination established that the value of the land taken did not include the contributory value of the buildings as it was appraised by these witnesses.

Accordingly, we affirm the judgment of the Circuit Court of Grundy County.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.