LAKE COUNTY FOREST PRESERVE DISTRICT, Plaintiff-Appellant, *v.* VINCENT M. KERRIGAN *et al.,* Defendants-Appellees.

Second District   No. 76-358

Opinion filed March 15, 1978.

Morrison & Nemanich, of Waukegan, for appellant.

William A. Holmquist and Clayton P. Voegtle, both of Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellees.

Mr JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Lake County Forest Preserve District, appeals from an order dismissing its petition to condemn 7.7 acres of a 26-acre tract owned by defendants.

The entire 26-acre tract is zoned agricultural; it is improved with a seven-room frame residence and a garage, located on the northeast corner of the remaining portion of land. However, no damage to the remainder was claimed by the defendants.

During the jury trial, Edward Surros, a real estate broker, testified on behalf of plaintiff, that in late 1970 he had handled the sale of 60 acres of land similar to that of defendants, located one-quarter mile from the subject property. Herbert Harrison, a real estate appraiser, testified on behalf of plaintiff that he was familiar with the subject property; that he had inspected the property and studied the area for the purpose of rendering an opinion of value; that he had formed an opinion of the fair cash market value of the entire property exclusive of the building improvements; that he had formed an opinion of the fair cash market value of the part taken as part of the whole. On cross-examination, he testified that he did not consider the improvements to the property in reaching his valuation as to the whole property. Defendants then moved to have Harrison's testimony stricken because he did not value the whole property with the building improvements. After hearing arguments from both sides, the trial court granted defendants' motion; the order was later clarified to strike only that testimony relating to valuation.

William Schwandt testified for plaintiff, that he made a valuation of the 7.7 acres to be taken, as part of the whole. However, on cross-examination Schwandt admitted that he had never appraised the property as a whole. Defendants moved to strike Schwandt's testimony on the basis that he valued the 7.7 acres being taken, as a separate piece of property, and that while he testified that he had appraised the 7.7 acres as a part of the whole, he had never actually inspected the remaining 18.3 acres nor the

improvements thereon. The trial court granted the motion and directed that the testimony of Schwandt regarding valuation be stricken. On motion of defendants the trial court dismissed the condemnation petition on the basis that plaintiff had failed to produce any expert testimony as to the value of the subject property. This appeal followed.

Plaintiff contends, first, that in a partial taking condemnation case where no damage to the remainder is claimed, and buildings on the remainder do not affect value of the part taken, the valuation witnesses need not value the buildings so long as they consider the part taken as part of the whole. We have examined the authorities cited to us and conclude that under the facts in this case the applicable rule is that valuation testimony is objectionable if the valuation does not include improvements on the land. See *Department of Public Works & Buildings v. Bohne* (1953), 415 Ill. 253, 113 N.E.2d 319; *Department of Public Works & Buildings v. Butler* (1972), 5 Ill. App. 3d 134, 283 N.E.2d 109; *Department of Transportation v. Zabel* (1977), 47 Ill. App. 3d 1049, 362 N.E.2d 687.

■■ Because Harrison testified he failed to consider the building improvements on the property, the trial court properly struck that portion of his testimony.

■■ Plaintiff argues that in an offer of proof Harrison testified that the presence of the buildings on the remainder did not contribute to the value of the part taken nor did they diminish the value, and that if he did appraise and value the entire property with the buildings on it, his value for the part taken would still be the same. We hold that the trial court was in a better position to evaluate Harrison's original testimony and the offer of proof, and therefore we can not say it was error to reject the offer of proof here. See *Department of Public Works & Buildings v. Lotta* (1963), 27 Ill. 2d 455, 189 N.E.2d 238.

Next, plaintiff contends that where no damage to the remainder is claimed, valuation witnesses need not value the whole as long as they consider the part taken as part of the whole, and that therefore, it was error to strike the valuation testimony of Schwandt.

■■ We held in *Tri State Park District v. First National Bank* (1975), 33 Ill. App. 3d 348, 337 N.E.2d 204, that with respect to land taken, its value must be determined as a part of the whole tract before the taking and not as a piece of property separate and apart from the rest. See also *Department of Public Works & Buildings v. Butler.*

Neither *Department of Public Works & Buildings v. Foreman State Trust & Savings Bank* (1936), 363 Ill. 13, 1 N.E.2d 75, nor *Forest Preserve District v. Draper* (1944), 387 Ill. 149, 56 N.E.2d 410, relied on by plaintiff, justifies a departure from our holding stated above, as entirely different facts were presented in those cases.

■■ Where an appraisal witness bases his testimony on improper

elements, it is proper for the court to strike his testimony. (*Department of Public Works & Buildings v. Butler* (1972), 5 Ill. App. 3d 134, 137, 283 N.E.2d 109, 110.) While Schwandt testified that he did value the part taken as part of the whole tract, in light of his further testimony that he never examined the whole tract nor the buildings on the property, the striking of his valuation testimony by the trial court was proper. See *Department of Business & Economic Development v. Baumann* (1972), 9 Ill. App. 3d 1, 291 N.E.2d 213, *rev'd on other grounds* (1974), 56 Ill. 2d 381, 308 N.E.2d 530.

■■ Plaintiff also argues that defendants' conduct in this case should estop them from claiming that plaintiff's valuation testimony should be stricken on the technical grounds that the appraisers failed to evaluate the buildings or the whole. Based upon the evidence presented at trial we are of the opinion that their conduct does not constitute an estoppel so as to eliminate the need to include the improvements or the value of the whole tract in the valuation testimony.

Next, plaintiff contends that even without the valuation testimony of Harrison and Schwandt, the trial court erred in dismissing the condemnation petition after the jury had viewed the premises, as evidence of a comparable sale had been admitted, and the testimony of the witnesses as to the physical characteristics and of the highest and best use had been allowed to stand.

■■ In a condemnation case, the burden is on the condemnor to introduce competent evidence of value as to the property which it seeks to take. (*Chicago, Burlington & Quincy R.R. Co. v. F. Reisch & Bros.* (1910), 247 Ill. 350, 93 N.E. 383.) If the petitioner fails to introduce any competent evidence of that value, the petition will be dismissed. (*Mauvaisterre Drainage & Levee District v. Wabash Ry. Co.* (1921), 299 Ill. 299, 132 N.E. 559.) Further, regarding the burden of proof in eminent domain actions, the comment to IPI Civil 2d No. 300.30 (1971) states:

> "* * * The true burden is one of introducing evidence and the decision on whether it has been met is for the court, not the jury.* * *"

We have reviewed the valuation testimony submitted by plaintiff at trial and conclude that the trial court did not err in dismissing the condemnation petition.

Finally, plaintiff contends that it was error not to declare a mistrial when, during cross-examination of plaintiff's witness, Schwandt, defense counsel commented that the witness had been "well rehearsed" on the question before him. Counsel for plaintiff immediately moved to have the answer stricken and moved for a mistrial. The trial court directed the jury to disregard the comment and directed counsel for the defense to refrain from further comments and denied the motion for a mistrial.

■■   While the remark was improper, we are of the opinion that the trial court acted properly in directing the jury to disregard the comment, and that the remark was not sufficiently harmful to warrant the granting of a mistrial. See *Illinois Building Authority v. Dembinsky* (1967), 90 Ill. App. 2d 451, 233 N.E.2d 38.

For the foregoing reasons the order of the circuit court of Lake County is affirmed.

Affirmed.

NASH and BOYLE, JJ., concur.