BUNKER PROPERTIES, INC., et al., Plaintiffs,

v.

John B. KEMP, Secretary of Transportation for the State of Kansas, Defendant.

Civ. A. No. 81–2284.

United States District Court, D. Kansas.

Oct. 16, 1981.

L.D. McDonald, Jr., McDonald & Dykes, Overland Park, Kan., for plaintiffs.

Daniel L. Watkins, Chief Atty., Kansas Dept. of Transp., Topeka, Kan., Reid F. Holbrook, Robert L. Kennedy, Fallon, Holbrook & Ellis, Kansas City, Kan., for defendant.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter comes before the Court upon plaintiffs' application for a temporary restraining order. Defendant has responded to the motion and requested that the complaint be denied, which the Court will consider as a motion to dismiss for lack of subject-matter jurisdiction pursuant to F.R. C.P. Rule 12(b). Plaintiffs seek to enjoin the defendant from continuing a condemnation proceeding pending before the Wyandotte County, Kansas, District Court until said defendant complies with the provisions of 42 U.S.C. § 4651. Plaintiffs assert that this Court has jurisdiction pursuant to 28 U.S.C. 1331.

A brief history of the action will be helpful. For approximately ten years, defendant and his predecessors have been involved in acquiring property to construct Interstate 670 in Kansas City, Kansas. Interstate 670 will become part of the Federal-

Aid System of Highways, pursuant to 23 U.S.C. § 101, *et seq.*, and, as such, is funded by federal funds. Interstate 670 will cross the Kansas River and travel through a section of Kansas City, Kansas, commonly known as "the bottoms," a highly industrialized area adjacent to the river. Plaintiff Bunker Properties, Inc., a Kansas corporation, owns a parcel of property in "the bottoms," which property is leased to plaintiff PBI Gordon Corporation as the site of a chemical company. As properties near the plaintiffs' property were acquired by the state authorities, plaintiffs attempted to discover the nature of defendant's plans to acquire the chemical company site. After these attempts failed, plaintiffs instituted an inverse condemnation action in the Wyandotte County, Kansas, District Court on April 20, 1981. Thereafter, on August 5, 1981, defendant initiated a formal condemnation proceeding against plaintiffs' land. That proceeding is presently pending before the state court awaiting a final report from the appraiser's committee.

Plaintiffs have filed this action, prior to the return of the appraiser's committee's report, to enjoin the state proceeding before title to the condemned property passes to the Kansas Department of Transportation. They seek, under various theories, an order which will require the defendant to follow the guidelines as set out in § 301, Uniform Relocation Assistance and Real Property Acquisition Policy Act of 1970 [hereinafter "the Act"], 42 U.S.C. § 4651. That section provides policies to guide, "to the greatest extent practicably," heads of federal agencies in acquiring land. The avowed purpose of § 4651 is:

"... to encourage and expedite the acquisition of real property by agreements with owners, to avoid litigation and relieve congestion in the courts, to assure consistent treatment for owners in the many Federal programs, and to promote public confidence in Federal land acquisition practices ..."

Acquisition of land by state agencies becomes subject to the guidelines of § 4651 when federal funds are used, pursuant to 42 U.S.C. § 4655, which provides, in part:

"Notwithstanding any other law, the head of a Federal agency shall not approve any program or project or any grant to, or contract or agreement with, a State agency under which Federal financial assistance will be available to pay all or part of the cost of any program or project which will result in the acquisition of real property on and after January 2, 1971, unless he receives satisfactory assurances from such State agency that—

"(1) in acquiring real property it will be guided, to the greatest extent practicable under State law, by the land acquisition policies in section 4651 of this title and the provisions of section 4652 of this title, and ..."

The provisions of § 4651 are to be read in conjunction with 42 U.S.C. § 4602, which states:

"(a) The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.

"(b) Nothing in this chapter shall be construed as creating in any condemnation proceedings brought under the power of eminent domain, any element of value or of damage not in existence immediately prior to January 2, 1971."

With few exceptions, courts have held that § 4602 deprives the courts of federal jurisdiction under 28 U.S.C. § 1331. *See Consumers Power Co. v. Costle,* 615 F.2d 1147 (6th Cir. 1980); *Roth v. United States Dept. of Transportation,* 572 F.2d 183 (8th Cir. 1978); *Paramount Farms, Inc. v. Morton,* 527 F.2d 1301 (7th Cir. 1975); *Rhodes v. City of Chicago,* 516 F.2d 1373 (7th Cir. 1975); *Boston v. United States,* 424 F.Supp. 259 (E.D.Mo.1976); *Nelson v. Brinegar,* 420 F.Supp. 975 (E.D.Wis.1976); *United States v. 249.12 Acres of Land,* 414 F.Supp. 933 (D.Okla.1976); *Nall Motors, Inc. v. Iowa City, Iowa,* 410 F.Supp. 111 (S.D.Iowa 1975), *aff'd.* 533 F.2d 381 (1976); *Whitman v. State Highway Comm. of Missouri,* 400 F.Supp. 1050 (W.D.Mo.1975); *Barnhart v. Brinegar,* 362 F.Supp. 464 (W.D.Mo.1973);

*Martinez v. Dept. of Housing & Urban Development*, 347 F.Supp. 903 (E.D.Pa.1972); *Rubin v. Dept. of Housing & Urban Development*, 347 F.Supp. 555 (E.D.Pa.1972); *Will-Tex Plastics Mfg., Inc. v. Dept. of Housing & Urban Development*, 346 F.Supp. 654 (E.D.Pa.1972), *aff'd.* 478 F.2d 1399 (1973); *Dept. of Transportation for Illinois v. Zabel*, 47 Ill.App.3d 1049, 6 Ill. Dec. 52, 362 N.E.2d 687 (Ill.App.1977); *O'Brien v. City of Syracuse*, 54 A.D.2d 186, 388 N.Y.S.2d 866 (N.Y.1976). *Cf. Bethune v. United States*, 376 F.Supp. 1074 (W.D. Mo.1972).

In *Barnhart v. Brinegar, supra*, the Court reviewed, in a lengthy study of the Congressional Committee Reports, the legislative history of the Act, and, in particular, the history of § 4602. 362 F.2d at 469–472. No purpose would be served by repeating that history here; suffice it to say that this Court agrees with the conclusion the *Barnhart* court reached:

"... From this history, we believe one conclusion is irresistible—Congress intended section 102(a) to preclude judicial review of federal and state agency actions under the real property acquisition practices of section 301 of the Act. The intended result is accomplished in two ways. First, if one has no rights under section 301, then one cannot be adversely affected or aggrieved by agency action. This bars review of federal agency decisions under the Administrative Procedure Act. Secondly, if one has no rights under section 301, we conclude that an action against a state agency under section 301 does not 'arise under' the Constitution or laws of the United States within the meaning of 28 U.S.C. § 1331(a) (1970). Federal question jurisdiction is thus effectively barred. As a matter of compromise, Congress passed section 301 as an expression of congressional policy and entrusted the faithful execution of its stated policy solely to the administrators of the Act. This action plainly demonstrates the validity of the House's concern with providing judicial review of agency decisions under the Act: a substantial portion of a federally assisted state highway improvement project has been halted for several months pending litigation before this Court." 362 F.Supp. at 472–73. [Footnotes omitted.]

Plaintiffs, during oral argument, recognized that the history of the Act and the case law construing its provisions weigh more heavily toward the preclusion of judicial review of the guidelines of § 4651 than the position they would have the Court accept. However, they seek to distinguish their case on two theories.

First, plaintiffs assert that this is a case of first impression, in that no other case has sought to enforce the provisions of § 4651 prior to the issuance of a condemnation award. They attempt to carve out a narrow exception to the language of § 4602, which reads: the provisions of § 4651 "... shall not affect the validity of any property acquisitions by purchase or condemnation." Under plaintiffs' construction, this language would act as a limitation of judicial review of § 4651 *only after* a purchase or condemnation had occurred.

After a careful reading of the legislative history and the authorities, the Court finds no basis for this narrow interpretation of § 4602. As evidenced by the House Committee Reports, Congress was concerned with creating an additional burden on the already over-crowded courts. *See* H.R.Rep. No. 91–1656, 91st Cong.2d Sess. 1970, 1970 U.S. Code Cong. & Adm. News, pp. 5854–5855. The final language of § 4602, a compromise between the House and Senate versions, reflecting this concern remained a primary Congressional consideration as to § 4651. Plaintiffs' construction would not only result in an additional burden to the federal courts, but would necessitate federal intervention into state court proceedings, diametrically opposing the principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny. Further, the interest of judicial economy could not be served by interrupting a state court proceeding considering the questions of acquiring property to allow another court to consider similar questions. Finally, the

Court has found no case law in which the decline to exercise judicial review hinged on whether the parties sought to enforce the provisions of § 4651 prior to or following a purchase or condemnation. The Court finds that plaintiffs' argument is a distinction without merit and affords no basis for the exercise of federal jurisdiction.

Plaintiffs' second contention is that they are third-party beneficiaries to an agreement between defendant and the federal government. While the Court has some questions as to plaintiffs' status as third-party beneficiaries, that issue need not be considered here. A claim to the benefits of a contract as a third-party beneficiary is a claim under state law. A federal court may only consider state law claims, absent pendent jurisdiction, when diversity exists between all plaintiffs and all defendants. 28 U.S.C. § 1332. Here, plaintiff Bunker Properties, Inc. and defendant are both citizens of the state of Kansas. Therefore, no basis exists for federal jurisdiction under the contract claim.

The Court therefore finds that the complaint states no basis for the exercise of federal jurisdiction, and must be dismissed for lack of subject-matter jurisdiction. Lacking subject-matter jurisdiction, the Court may not consider the merits of plaintiffs' application for a temporary restraining order.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' application for a temporary restraining order is hereby denied. IT IS FURTHER ORDERED that defendant's request for relief is hereby granted, and the case is hereby dismissed for lack of jurisdiction.