Jack **MARTINEZ** and **F. S. Schroeder**, Co-Partners T/A M. & S. Tool and Machine Company

v.

The **DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT** et al.

**Civ. A. No. 71–2762.**

United States District Court,
E. D. Pennsylvania.

Aug. 3, 1972.

Lewis Kates, Philadelphia, Pa., for plaintiffs.

Walter Batty, Asst. U. S. Atty., Philadelphia, Pa., for federal defendants.

Peter A. Galante, Philadelphia, Pa., for Redevelopment Authority.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Plaintiffs have filed this action to obtain temporary and permanent injunctive relief prohibiting the Redevelopment Authority of the City of Philadelphia and the Department of Housing and Urban Development from committing any money or engaging in any further activity in all Philadelphia Model Cities programs until the defendants comply with various sections of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq.,[1] in the condemnation of plaintiffs' property. We have concluded that the complaint must be dismissed for the reasons set forth by Judge Van Artsdalen of this court in Will Tex Plastics Manufacturing, Inc. v. The Department of Housing and Urban Development et al., D.C.Pa., 346 F.Supp. 654.[2]

As in that case, the acquisition of plaintiffs' property became effective prior to the effective date of the Policies Act.[3] But more important, we are satisfied that Judge Van Artsdalen correctly concluded that the Act and its legislative history make it abundantly clear that Congress expressly deprived the federal courts of jurisdiction to entertain actions to enforce the policies outlined. For this reason, we find to be inapposite the cases cited to us by plaintiff[4] in which judicial review is permitted under the Federal Housing Act because of the absence of evidence of congressional intent to preclude such review, and because the lack of such review leaves the adversely affected person without a remedy to challenge administrative action. We have been given no reason to believe that plaintiffs do not have a full and complete remedy to challenge the adequacy of the condemnation compensation in the state condemnation proceedings.

1. Specifically plaintiffs allege that the following parts of the act have not been complied with: (a) Section 301(3) because plaintiffs have not been provided with a written statement and summary of the basis for the amount established by the Redevelopment Authority as just compensation; (b) Section 301(9) because plaintiffs' entire premises were not acquired; and (c) Section 302 because plaintiffs were not offered any sum for improvements, machinery, and equipment permanently installed in the premises. See Complaint, paragraph 8.

2. See also Judge Broderick's Order dismissing the complaint in L & A Creative Art Studio, Inc. v. The Department of Housing and Urban Development et al., Civil Action No. 71-2751 (E.D.Pa., filed June 29, 1972).

3. The Declaration of Taking was filed in the Court of Common Pleas of Philadelphia County on September 30, 1970. Paragraph 6 of the Complaint. Under Pennsylvania law, title passed to the condemnor on that date. Pa.Stat.Ann. Title 26, § 1-402 (Purdon's 1958, Pocket Part). The Policies Act is effective January 2, 1971. Section 221 Pub.L. 91-646, 42 U.S.C.A. § 4601, note (1971 Supp.).

4. Western Addition Community Organization v. Weaver, 294 F.Supp. 433 (N.D. Cal.1968); Powelton Civic Home Own. Assn. v. Dept. of H.U.D., 284 F.Supp. 809 (E.D.Pa.1968).