**PARAMOUNT FARMS, INC., Plaintiff,**

v.

**Rogers C. B. MORTON, Secretary, United States Department of Interior, et al., Defendants.**

**No. 73-C-162.**

United States District Court, W. D. Wisconsin.

Nov. 13, 1974.

Hiram D. Anderson, Jr., of Peickert, Anderson, Fisher, Shannon & O'Brien, Stevens Point, Wis., for plaintiff.

David C. Mebane, U. S. Atty., by Warren W. Wood, Asst. U. S. Atty., Madison, Wis., for defendants.

JAMES E. DOYLE, District Judge.

This is a civil suit in which plaintiff seeks to compel compliance by defendants with certain provisions of 42 U.S.C.

§ 4651. Jurisdiction is claimed under 28 U.S.C. § 1331(a). The matter is presently before the court on defendants' motion to dismiss for lack of jurisdiction or, alternatively, for plaintiff's failure to state a claim upon which relief can be granted.

The complaint alleges that plaintiff is a family-owned corporation holding title to an island in Lake Superior which the United States Government seeks to acquire under legislation authorizing acquisition of certain of the Apostle Islands for recreational purposes. 16 U.S.C. § 460w. Plaintiff is seeking an order requiring defendants to comply with the provisions of 42 U.S.C. § 4651 (Title III, § 301, Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970), in all respects before proceeding further to acquire plaintiff's land by condemnation.

Plaintiff alleges that defendants failed to follow the policies for land acquisition by federal agencies as set out in § 4651(1), (2), (3), and (7). Specifically, they allege that defendants failed to provide plaintiff with a written statement of, or summary of the basis for, the amount of the offering price; that defendants failed in their duty to determine the fair market value of plaintiff's property; that defendants refused to negotiate the offering price for plaintiff's property; and that defendants have both advanced the time for condemnation and deferred condemnation in order to compel plaintiff to agree to defendants' offering price.

Plaintiff moved for a preliminary injunction which I denied in an order entered July 3, 1973.

Plaintiff contends that this court has jurisdiction under 5 U.S.C. § 702 to review the manner in which defendants have acted in trying to acquire plaintiff's property. This statute provides

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant

statute, is entitled to judicial review thereof.

As I noted in my earlier order, this provision is a part of the Administrative Procedure Act. § 701 of that same act provides that the act is to apply except to the extent that "statutes preclude judicial review" or "agency action is committed to agency discretion by law." It was the intent of Congress that the provisions of the Administrative Procedure Act were to have wide application to actions of the federal agencies and that reviewability of agency actions was to be the rule and not the exception. The legislative history of the act is clear (H.R. Rep.No.1980, 79th Cong., 2d Sess., 41 (1946)):

> To preclude judicial review under this bill a statute, if not specific in withholding such review, must upon its face give clear and convincing evidence of an intent to withhold it.

■ Defendants contend that § 4651 is not subject to judicial review. Since their alleged noncompliance with that section is the sole basis for this lawsuit, I must determine whether the statute precludes judicial review, either in specific terms or by "clear and convincing evidence" on its face of an intent to withhold review.

There is no language in the Real Property Acquisition Act which precludes judicial review in specific terms. § 4602 (Title I, § 102 of the act), however, states

> (a) The provisions of section 4651 of this title create no rights or liabilities and shall not affect the validity of any property acquisitions by purchase or condemnation.

The legislative history of this act, which is reviewed extensively in Barnhart v. Brinegar, 362 F.Supp. 464 (W.D.Mo. 1973), indicates that Congress intended by this language to preclude judicial review of agency actions under the real property acquisition practices of § 301 (42 U.S.C. § 4651) of the act. Judicial review of other sections of the act is available under the Administrative Procedure Act; review of § 301 is precluded by the fact that if one has "no rights or liabilities," under § 4651 then one cannot be said to be "adversely affected or aggrieved" by any agency action or inaction under that statute.

I am persuaded that the evidence is clear and convincing that Congress intended to withhold judicial review of the real property acquisition procedures of § 4651. See, also, Rubin v. Department of Housing and Urban Development, 347 F.Supp. 555, 558 (E.D.Pa.1972): "The *Act* does not create rights in favor of property owners enforceable in this Court; the purpose of the *Act* is merely to set policy guidelines to be followed in the acquisition of real property;" Will Tex Plastics Mfg., Inc. v. Department of Housing and Urban Development, 478 F.2d 1399 (1973); Martinez v. Department of Housing and Urban Development, 347 F.Supp. 903 (E.D.Pa.1972).

I conclude that this court is without jurisdiction to entertain plaintiff's suit to compel compliance by defendants with the provisions of 42 U.S.C. § 4651. Accordingly, defendants' motion to dismiss is hereby granted and this suit is dismissed for lack of jurisdiction.