UNITED STATES of America, Plaintiff,

v.

249.12 ACRES OF LAND, MORE OR LESS, situate IN STEPHENS AND COTTON COUNTIES, STATE OF OKLAHOMA, and Heirs of George R. Bowen et al., and unknown owners, Defendants.

Civ. No. 75-0810-D.

United States District Court,
W. D. Oklahoma.

May 3, 1976.

David L. Russell, U. S. Atty., by John E. Green, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

John W. Norman, Oklahoma City, Okl., for defendants Rosa Mae Flanagan Sly and Gale L. Sly.

## ORDER

DAUGHERTY, Chief Judge.

In this action the United States as Plaintiff herein seeks the condemnation of certain real property in which the Defendants assert an interest. At the Pretrial Conference Defendants (Heirs of Bowen) raised the issue of whether they are entitled to recover in this condemnation action benefits provided by The Uniform Relocation Assistance And Real Property Acquisition Act (URA) of 1970, P.L. 91–646, 42 U.S.C. §§ 4601 et seq. Plaintiff responded that the payment of benefits under this Act is purely an administrative matter and has no place in this condemnation proceeding. Defendants assert that though the payment of such benefits would normally be an administrative matter, this is a situation in which exhaustion of administrative remedies should be waived and they should be allowed to recover relocation expenses in this proceeding.

The Uniform Relocation Assistance And Real Property Acquisition Act (URA) contains three Titles. Title I, 42 U.S.C. §§ 4601 and 4602 sets out definitions generally applicable to the Act and limits the effect of certain provisions of the Act. 42 U.S.C. § 4621 provides that the purpose of Title II, 42 U.S.C. §§ 4621–4638, is to establish a uniform policy for the fair and equitable treatment of persons displaced as a result of Federal and Federally assisted programs. The remaining provisions of Title II provide for benefits to be made available to persons who are forced to relocate as a result of Federal or Federally funded programs. Title III of the URA, 42 U.S.C. §§ 4651–4655, sets out nine policies to be followed by the heads of Federal agencies in the acquisition of real property, provides that if the head of a Federal agency acquires any interest in real property in any State, he shall acquire at least an equal interest in all buildings, structures or other improvements thereon, and provides for the payment of certain incidental expenses to affected persons.

42 U.S.C. § 4602(a) makes the land acquisition policy of 42 U.S.C. § 4651 nonjusticiable. However, action taken under all other sections of the URA are reviewable under the Administrative Procedure Act. 5 U.S.C. §§ 701 et seq.; *Barnhart v. Brinegar,* 362 F.Supp. 464 (W.D.Mo.1973), followed in: *Rhodes v. City of Chicago, Use of Schools,* 516 F.2d 1373 (Seventh Cir. 1975); *Tullock v. State Highway Commission of Missouri,* 507 F.2d 712 (Eighth Cir. 1974); *Lewis v. Brinegar,* 372 F.Supp. 424 (W.D.Mo.1974); *Paramount Farms, Inc. v. Morton,* 384 F.Supp. 1294 (W.D.Wis.1974); *Whitman v. State Highway Commission of Missouri,* 400 F.Supp. 1050 (W.D.Mo.1975).

Defendants are correct in their assertion that the exhaustion of available administrative remedies is not a prerequisite to the assertion of substantive rights in all cases. See 3 Davis, Administrative Treatise §§ 20.01 et seq. However, for the following reasons, this is not a case in which exhaustion can be excused: (1) If exhaustion is to be excused there must be an independent jurisdictional basis under which the Court may take cognizance of the case, and there is no such independent jurisdictional basis herein; (2) The Court's only jurisdiction over a controversy as to payment of benefits under the URA is pursuant to the Administrative Procedure Act and the APA requires exhaustion of administrative remedies; (3) Even if there was an independent jurisdictional basis for Defendant's assertion of rights under the URA herein, this is not a case in which exhaustion of available administrative remedies would be excused.

Moreover, Defendant's claim for relocation expenses is against the United States. The United States may not be sued

without its express consent. *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972). The URA does not expressly waive sovereign immunity. Nor does it appear that any other applicable statute waives the United States immunity in this case. Thus, there is no basis for this Court to take original jurisdiction of a URA claim.

The Court may review administrative action under the URA through the Administrative Procedure Act. *Barnhart v. Brinegar, supra.* 5 U.S.C. § 704 states:

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. . . ."

Action taken under Title II of the URA is not made reviewable by statute, therefore, in order to be reviewable, such action must be final. In this case there is no indication that Defendants have presented their claim to the proper administrative agency. Therefore, this action may not now be maintained· as a judicial review of an administrative action under the APA.

 In *Martinez v. Richardson*, 472 F.2d 1121 (Tenth Cir. 1973) the Court stated regarding the exhaustion requirement:

" . . . It is, of course, axiomatic that a litigant must exhaust his administrative remedies, if such remedies exist, as a prerequisite to invoking the jurisdiction of the federal court . . . But this requirement of exhaustion is not invariable where, for example, the administrative remedy is wholly inadequate and the federal question is so plain that exhaustion is excused.[10]"

"[10] . . . Nor will exhaustion of administrative remedies be required where it would result in irreparable harm. This is especially true where time is crucial to the protection of substantive rights and administrative remedies would involve delay . . . (cites omitted)."

The above quote does not contain a full catalog of situations in which exhaustion of administrative remedies would be excused. See Discussion 3 Davis, *supra.* However, it would appear to set out the most common situations in which exhaustion might be excused. Assuming that the United States had waived its immunity and an independent jurisdictional basis existed, exhaustion still would be required. The administrative remedy is adequate for the administrator can make a payment of money just as easily as this Court can order a payment of money. There is no plain Federal question. It does not appear that exhaustion will cause irreparable harm. It does not appear that time is essential to the protection of any substantive rights. The only issue involved is whether Defendants are entitled to a payment under the URA and if so the amount of money to which Defendants are entitled.

For the foregoing reasons, Defendants are not entitled to assert a right to recover benefits payable under the URA in this action.