DEERFIELD HUTTERIAN ASSOCIATION, an unincorporated association, and Sam Waldner, representing himself and other members of the class similarly stated, Plaintiffs,

v.

IPSWICH BOARD OF EDUCATION, IPSWICH INDEPENDENT SCHOOL DISTRICT 22–3, Thomas Halvorson, Individually and as Superintendent of Ipswich Public Schools, and Lyle Palmer, Henrietta Gauer, James Davis, Everett Omland, and Myron Fillibach, Individually and as members of the Ipswich Board of Education, Defendants.

Civ. No. 76–1022.

United States District Court, D. South Dakota, N. D.

Jan. 30, 1978.

Harvey C. Jewett of Siegel, Barnett, Schutz, O'Keefe & Jewett, Aberdeen, S. D., for plaintiffs.

Anthony N. Buckmeier of Bormann & Buckmeier, Mobridge, S. D., for defendants.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a class action brought by the Deerfield Hutterian Association and Sam Waldner representing himself and the parents of school-age children of the Deerfield Hutterian Association. Plaintiffs seek declaratory relief that defendants are operating a public school system which discriminates against plaintiffs on the basis of national origin and religion. Plaintiffs also seek injunctive relief requiring defendants to provide adequate instruction for non-English speaking students by establishing a school and employing a teacher on or near the Deerfield Hutterite Colony. Defendants move to dismiss for lack of jurisdiction and failure to state a claim.

The complaint alleges that plaintiffs are residents and taxpayers of Edmunds County, South Dakota, and the Ipswich Independent School District 22–3. The defendants are the Board of Education of the Ipswich Independent School District 22–3, its superintendent and the individual members of the Board of Education. The complaint further alleges that plaintiffs' school-age children speak German while defendants conduct classes in English and do not provide English/German instruction for plaintiffs' children. Pursuant to S.D.C.L. 13–23–8 and 9[1], plaintiffs petitioned defendants to establish an elementary school at the Deerfield Colony. The complaint alleges that on July 2, 1976, defendants denied plaintiffs' petition. Thereafter, plaintiffs brought this action alleging that defendants' refusal to establish a school and provide a teacher for plaintiffs' German speaking children was an unreasonable and arbitrary abuse of discretion which discriminated against plaintiffs because of their national origin and religion.

■■■ Plaintiffs allege this court has jurisdiction pursuant to 28 U.S.C. section 1331[2], and that the matter in controversy exceeds, exclusive of interest and costs, $10,000. Defendants deny the matter in controversy exceeds the requisite jurisdictional amount. Since this is a class action, each plaintiff must satisfy the requisite jurisdictional amount, *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), unless it is proper to aggregate the plaintiff's claims to satisfy the jurisdictional requirement. *See Amen v. City of Dearborn,* 532 F.2d 554 (6th Cir. 1976); *U. S. v. Southern Pacific Transp. Co.,* 543 F.2d 676 (9th Cir. 1976); *Gallagher v. Continental Insurance Co.,* 502 F.2d 827 (10th Cir. 1974). However, plaintiff has made no allegation or showing that all plaintiffs met the jurisdictional requirement or that this is a proper case for aggregation of claims. When the jurisdictional amount is appropriately controverted by defendant, the plaintiff has the burden to support its averment by competent and preponderant proof. *Massachusetts State Pharmacy Ass'n. v. Federal Prescription Service,* 431 F.2d 130 (8th Cir. 1970); *Hulsenbusch v. Davidson Rubber Co.,* 344 F.2d 730 (8th Cir. 1965). Since plaintiff's mere allegation of requisite jurisdictional amount is not dispositive of the issue, *Zunamon v. Brown,* 418 F.2d 883 (8th Cir. 1969), plaintiff has failed to carry its burden. Therefore, this court does not have jurisdiction pursuant to 28 U.S.C. section 1331.

1. S.D.C.L. 13–23–8 (1975) provides:
   If a petition, signed by the persons charged with the support and having the care and custody of ten or more students who are eligible to attend an elementary school, all of whom reside not less than four miles from the nearest school with no bus service provided, is presented to any school board asking for the organization of an elementary school for such children, the board shall organize such school and employ a teacher therefor provided a suitable room or building can be secured at some proper location not more than four miles distant from the residence of any one said child. The provision of this section shall be controlling over any school closed as a result of a vote of the electors.
   S.D.C.L. 13–23–9 (1975) provides:
   If a petition, signed by the persons charged with the support and having the care and custody of fifteen or more students who are eligible to attend an elementary school, all of whom reside not less than four miles from the nearest school but all of whom reside within one mile of each other, is presented to any school board asking for the organization of an elementary school for such children, the board may organize such school and employ a teacher therefor provided a suitable room or building is made available by such petitioners at a proper location not more than four miles distant from the residence of any one said child or, if further, that said petitioners shall provide the necessary transportation thereto. The provisions of this section shall not be available to persons residing in any incorporated city or town or any unincorporated platted area.

2. 28 U.S.C. § 1331 provides:
   (a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States except that no such sum or value shall be required in any such action brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

As a second basis for jurisdiction, plaintiffs rely upon 28 U.S.C. section 1343 [3] by alleging a violation of 42 U.S.C. section 1983.[4] Under 28 U.S.C. section 1343, the district court has original jurisdiction without an amount-in-controversy requirement. *Lynch v. Household Finance Corp.,* 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); *Herald Co. v. McNeal,* 553 F.2d 1125 (8th Cir. 1977). Therefore, the amount-in-controversy deficiency of plaintiffs' action does not bar jurisdiction under 28 U.S.C. section 1343.

■ Plaintiffs contend they have a proper section 1983 action because of the failure of defendants to provide an equal educational opportunity for their German speaking children. Defendants contend that the school district and individual members of the Board of Education and the superintendent are not susceptible to suit pursuant to 42 U.S.C. section 1983. However, the superintendent of the Ipswich Public Schools and the individual members of the Board of Education are clearly "persons" within the meaning of section 1983 and therefore subject to suit under section 1983. *Floyd v. Trice,* 490 F.2d 1154 (8th Cir. 1974); *Ingraham v. Wright,* 498 F.2d 248 (5th Cir. 1974); *Akron Board of Education v. State Board of Education,* 490 F.2d 1285 (6th Cir. 1974); *Strickland v. Inlow,* 485 F.2d 186 (8th Cir. 1973); *Sullivan v. Meade County Ind. School Dist. No. 101,* 387 F.Supp. 1237 (D.S.D.1975), aff'd 530 F.2d 799 (8th Cir. 1976).

■ However, plaintiffs joined as defendants the Ipswich Board of Education and Ipswich Independent School District 22–3 with the individual named defendants. The question is whether the Ipswich Board of Education and the Ipswich Independent School District are "persons" within the meaning of section 1983. The Supreme Court held in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), that a municipality is not a "person" under section 1983 and therefore, could not be sued for damages.[5] Thereafter, most lower courts construed *Monroe* to preclude damage actions against governmental entities but permitted equitable actions. Comment, *Suing the School Board Under Section 1983,* 21 S.D.L.Rev. 452, 456 (1976). However, the Supreme Court has disapproved of this bifurcated approach in *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

The Eighth Circuit, relying upon *City of Kenosha,* and *Monroe,* supra note 5, has held that school boards and districts are not "persons" within the meaning of section 1983. *Sullivan v. Meade Independent School Dist. No. 101, supra; Prostrollo v. University of South Dakota,* 507 F.2d 775 (1974). The entities consisting of the Ipswich Board of Education and the Ipswich Independent School District 22–3, being political subdivisions of the state of South Dakota, are not "persons" within the meaning of section 1983. Therefore, these entities are not subject to suit in a section 1983 action.[6]

**3.** 28 U.S.C. § 1343 provides:

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . .
(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

**4.** 42 U.S.C. section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to

the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**5.** *Monroe* was extended in *Moor v. County of Alameda,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973), to include all political subdivisions of a state.

**6.** *See also Monell v. Dept. of Social Service of City of New York,* 532 F.2d 259 (2nd Cir. 1976); *Ingraham v. Wright,* 525 F.2d 909 (5th Cir. 1976); *Burt v. Board of Trustees of Edgefield County School Dist.,* 521 F.2d 1201 (4th Cir. 1975); *Mims v. Board of Education of City of Chicago,* 523 F.2d 711 (7th Cir. 1975); and

The third statute from which plaintiffs allege jurisdiction arises is not limited to "persons" as is section 1983. That statute is 20 U.S.C. section 1703(f), which provides:

No state shall deny equal educational opportunity to an individual on account of his or her race, color, sex or national origin by, . . .

(f) The failure by an educational agency to take appropriate action to overcome language barriers that impede equal participation by its students in its instructional programs.

The district courts of the United States have jurisdiction over actions brought by an individual who has been denied an equal educational opportunity. 20 U.S.C. sections 1706 and 1708. Since the Ipswich Board of Education and the Ipswich Independent School District 22–3 are political subdivisions of the state of South Dakota, *Prostrollo, supra,* this statute extends jurisdiction over these entities.

Defendants also contend plaintiffs have failed to state a claim. Plaintiffs allege their school-age children speak German and that defendants have made no plans or provisions to deal with the language handicap. The failure of defendants to act, plaintiffs allege, denies them any meaningful education. The Equal Educational Opportunity Act of 1974, 20 U.S.C. section 1703(f), makes it an unlawful educational practice to fail to take appropriate action to overcome language barriers. *Morales v. Shannon,* 516 F.2d 411 (5th Cir. 1975); *see also Lau v. Nichols,* 414 U.S. 563, 94 S.Ct. 786, 39 L.Ed.2d 1 (1974). Taking all the material allegations in the complaint as true and liberally construing them in favor of the plaintiff, *Barnes v. Dorsey,* 480 F.2d 1057 (8th Cir. 1973), this court can not say that it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim to entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Bramlet v. Wilson,* 495 F.2d 714 (8th Cir. 1974). Therefore, defendants' motion to dismiss for failure to state a claim is denied.

Plaintiffs also claim, under the doctrine of pendent jurisdiction, this court has jurisdiction to review defendants' exercise of discretion, pursuant to S.D.C.L. 13–23–9 (1975)[7], in refusing to establish a school for plaintiffs. The exercise of pendent jurisdiction with respect to the state claims is appropriate because both federal and state claims "derive from a common nucleus of operative fact," *United Mine Workers v. Gibb,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), *Herald Co. v. McNeal, supra.*

## CONCLUSION

Defendants' motion to dismiss for lack of jurisdiction and failure to state a claim is denied. The court, through the exercise of pendent jurisdiction, will review the state claims of the plaintiffs.

---

*Skehan v. Board of Trustees of Bloomsburg State College,* 501 F.2d 31 (3rd Cir. 1974).

7. *Supra,* Note 1.