Joyce GOOLSBY, Individually and on behalf of all others similarly situated, Plaintiffs-Appellants,

v.

W. Michael BLUMENTHAL, as Secretary of the Department of the Treasury, et al., Defendants-Appellees.

No. 76–2198.

United States Court of Appeals, Fifth Circuit.

June 28, 1979.

Steven Granberg, Gerald R. Tarutis, Emerson R. Marks, Jr., Alfred O. Bragg, III, Georgia Legal Services Programs, Macon, Ga., James A. Kushner, Los Angeles, Cal., Jack Greenberg, Charles E. Williams, III, New York City, for plaintiffs-appellants.

Denver L. Rampey, Jr., U. S. Atty., Gregory J. Leonard, John D. Carey, Asst. U. S. Attys., Macon, Ga., for Simon, Hill, Coleman, et al.

F. Robert Raley, Andrew W. McKenna, City Atty., Macon, Ga., for Ronnie Thompson, et al.

Robert E. Kopp, Appellate Staff, Bruce G. Forrest, Neil H. Koslowe, Civ. Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Stephen Christopher Chapple, Washington, D. C., for amici curiae.

John P. Lagomarcino, Legislative Director and Gen. Counsel, Washington, D. C., for National Governors' Association, amicus curiae.

Before BROWN, Chief Judge, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, CLARK, RONEY, GEE, TJOFLAT, HILL, FAY, RUBIN and VANCE, Circuit Judges.*

## ON PETITION FOR REHEARING

PER CURIAM:

In our decision on rehearing *en banc,* we reversed the panel and held, adopting the dissenting views of Judge Thornberry, that the displacement of appellant Goolsby by a project funded by general revenue sharing funds under the State and Local Fiscal Assistance Act of 1972, 31 U.S.C.A. § 1221 et seq. (amended 1976), did not require the City of Macon to give her assistance prescribed by the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URA), 42 U.S.C.A. § 4601 et seq. *Goolsby v. Blumenthal,* 590 F.2d 1369 (5th Cir. 1979). In the petition for rehearing, appellant brings to our attention an alternative argument not addressed in our *en banc* opinion: that the use of community development funds under the Housing and Community Development Act of 1974 (HCD), 42 U.S.C.A. § 5301 et seq. (amended 1977), supplies an independent basis for the application of URA to the Dempsey Avenue project. In view of its disposition of the case, the panel did not consider it necessary to decide whether URA was also made applicable to the project by the use of community development funds. We have considered appellant's contention, and finding it to be without merit, we deny the petition for rehearing.

Appellant contends that the use of approximately $24,875 to improve water and sewer lines and to install fire hydrants from an HCD block grant was sufficient to predicate application of URA. The gist of appellant's argument is that URA becomes applicable whenever federal monies are associated with a project which, as a whole, results in displacement. The district court held the requirements of URA to be inapplicable because of the "complete lack of any causal relationship between the application of Block Grant funds to the Dempsey Project and the displacement of plaintiff and her children." We agree.

The requirement of a causal relationship between federal funding and displacement is found in Section 210 of URA, which provides in pertinent part:

> Notwithstanding any other law, the head of a Federal agency shall not approve any grant to, or contract or agreement with, a State agency, under which Federal financial assistance will be available to pay all or part of the cost of any program or project *which will result in the displacement of any person . . .*

42 U.S.C.A. § 4630 (emphasis added). Here, the improvement of water lines and installation of fire hydrants was a project separate from, and independent of, the road construction along Dempsey Avenue. The land for the road construction was acquired prior to March of 1975; yet the City did not apply for block grant funds until April 15, 1975, in response to a request by the Macon Fire Department and the Macon-Bibb County Water and Sewerage Authority for expanded water and sewerage lines in the area. As the district court specifically found, "the record reflects that these funds have been allocated for the general benefit of the Unionville Community and are needed whether or not the Dempsey Project is completed." In the present case, the land was acquired for the right-of-way necessary for the road construction; appellant and her family were therefore displaced because of the road construction project. The installation of water lines and fire hydrants, an entirely separate project, would not have displaced appellant anyway, since these improvements could have been accomplished through the use of easements. In the absence of any causal relationship between federal funds and displacement in this case, the requirements of URA do not apply.

---

* Judge Kravitch was not a member of the Court when this case was decided en banc and, therefore, did not participate in this decision.

See Cahill v. Cedar County, 367 F.Supp. 39, 45 (N.D.Iowa 1973) (three judge court), aff'd, 419 U.S. 806, 95 S.Ct. 21, 42 L.Ed.2d 35 (1974).

Therefore, the petition for rehearing is denied and the decision of the district court is affirmed.

PETITION DENIED.