MARÍA DOLORES SANTIAGO ACEVEDO, demandante y recurrente, *v.* CARLOS SOLER AQUINO, ETC., demandados y recurridos.

*Número:* R-80-14      *Resuelto:* 8 de mayo de 1980

*Frances Díaz Medina, María Dolores Fernós y Reynaldo Rampolla Briganti,* abogados de Servicios Legales de Puerto Rico y de la recurrente; *Héctor A. Colón Cruz, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

La recurrente María Santiago Acevedo radicó demanda de *injunction* contra funcionarios de la Autoridad de Carreteras y del Departamento de Transportación y Obras Públicas solicitando, en síntesis, se les ordenara compensarla con ciertos beneficios provistos en el estatuto federal denominado "Uniform Relocation Assistance and Real Property Acquisitive Policies for Federal and Federally Assisted Programs" (42 U.S.C. sec. 4601 y ss.), ([1]) en la reglamentación aprobada por la Autoridad de Carreteras Federal en cumplimiento de esa ley (23 C.F.R. 712, 740), y en las disposiciones contenidas en el estatuto local, Núm. 80 del 30 de mayo de 1970, según enmendada. 22 L.P.R.A. secs. 10h–10k.

Alegó violación al debido proceso de ley en el pleito de expropiación forzosa en que las agencias demandadas adquirieron la propiedad de su padre para el Expreso de Diego y Muñoz Rivera. Adujo que en la misma enclavaba una estructura independiente que le servía de morada y que mediante enmienda *nunc pro tunc* a la sentencia de expropiación allí dictada se le reconoció, como parte con interés, $350.00 de la suma total de $5,350.00 adjudicádale anteriormente a su progenitor bajo el supuesto de ser éste "dueño de toda la estructura". ([2]) Consignó que en el procedimiento de expropiación forzosa no estuvo asistida por abogado ni las agencias la asesoraron en cuanto a sus derechos, habiendo sido lanzada de la propiedad antes de la fecha para la cual se había establecido la vista para la moción de lanzamiento de los demandados, todo ello en deterioro del derecho al debido proceso. También alegó violación en cuanto a sus intentos de reclamar beneficios por la vía administrativa, consistentes en innumerables esfuerzos por carta y otros medios, habiéndose negado las autoridades a celebrar en su caso una vista para presentar prueba ante un oficial examinador, tal como lo

---

([1]) En adelante "U.R.A.".

([2]) Tomamos conocimiento judicial de los trámites habidos en el caso de expropiación E-77-509, *Estado Libre Asociado* v. *Antonio Santiago.*

requiere la reglamentación federal. Solicitó daños ascendentes a $20,000.00 en concepto de sufrimientos morales.

El tribunal de instancia desestimó la acción bajo la premisa de que sus derechos fueron o debieron ser adjudicados en el proceso de expropiación.

■ La Ley Núm. 80 antes mencionada, establece por vez primera en nuestra jurisdicción unas "normas de pago y compensación a personas desplazadas de propiedades adquiridas para la construcción de facilidades de tránsito con fondos federales de ayuda para carreteras y para autorizar al Secretario de Obras Públicas y a la Autoridad de Carreteras para preparar un programa de orientación y servicios para las personas así desplazadas *y para proveer* los mecanismos para que puedan llevar a cabo por sí o a través de otros departamentos, agencias o corporaciones públicas, los fines de esta Ley." *Diario de Sesiones*, Senado, (1970) pág. 849.

Siguiendo el modelo federal, ([3]) el estatuto local esencialmente concede beneficios tales como gastos razonables de mudanza, pérdidas directas resultantes de la mudanza o descontinuación de la operación de un negocio o finca, gastos incurridos en la búsqueda de un negocio o finca de reemplazo, y en la alternativa, brinda una opción de recobrar unas cantidades fijas, en lugar de los gastos actualmente incurridos, a saber, $300.00 para gastos de mudanza y $200.00 por desarraigo. También provee dentro de unos límites, el pago para viviendas de reemplazo a dueños o poseedores respectivamente, siempre que satisfagan ciertos requisitos de necesidad

---

([3]) Mediante esta legislación el Congreso intentó establecer "una política uniforme para el tratamiento justo y equitativo de las personas desplazadas como resultado de programas federales o llevados a cabo con asistencia federal de manera que tales personas no sufran daños desproporcionados como resultados de programas diseñados para el beneficio del público en general". 42 U.S.C. § 4621. *Louisiana Dept. of Highways* v. *Coleman,* 444 F.Supp. 151 (1978); *Mansfield Area Citizens Group* v. *United States,* 413 F.Supp. 810 (1976); *Whitman* v. *State Highway Commission of Missouri,* 400 F.Supp. 1050 (1975); *La Raza Unida of Southern Alameda County* v. *Volpe,* 488 F.2d 559 (1973); *Young* v. *Harder,* 361 F.Supp. 64 (1973).

y de ocupación. Finalmente autoriza, en ciertos casos, gastos incidentales y de litigación. [4]

Estos beneficios están condicionados a que la persona promovente esté comprendida dentro de la definición de "persona desplazada", que básicamente corresponde, a quien se muda o traslada su propiedad personal de un inmueble como resultado de su adquisición, en todo o en parte, o como consecuencia de una orden escrita de la agencia adquirente para desalojar el inmueble para un programa o proyecto llevado a cabo con ayuda financiera federal.

Nuestra ley guarda silencio sobre el derecho a la revisión judicial. Por la identidad que existe entre ambas leyes y el carácter ilustrativo de la jurisprudencia, examinemos brevemente la orientación en la jurisdicción federal a fin de evaluar el planteamiento respecto al procedimiento de expropiación, y el papel que juegan tanto las agencias administrativas como los tribunales.

Primeramente, cabe advertir que no se conceden beneficios a *cualquier* persona desplazada o dislocada por una agencia federal o estatal, pues la definición opera en un contexto específico, a saber, la adquisición de la propiedad, de hecho o contemplada, con propósitos o intento de parte de la agencia en cuestión de dedicar tal propiedad a un programa o proyecto federal o llevado a cabo con asistencia federal. *Alexander*, supra, pág. 59; *Goolsby* v. *Blumenthal*, 590 F.2d 1369 (1979) y luego en 597 F.2d 934 (1979); *Dawson* v. *U.S. Dept. of H.U.D.*, 592 F.2d 1292 (1979), los cuales siguen la tendencia iniciada por el octavo circuito en *Moorer* v. *Dept. of H.U.D.*, 561 F.2d 175 (1977). La concesión y prestación de tales beneficios y servicios se hace obligatoria para las agencias estatales.

El Congreso no intentó prohibir toda intervención judicial

---

[4] La ley federal requiere que las agencias establezcan servicios de asistencia y asesoría para relocalización, y pormenoriza varias medidas a incluirse y los servicios a ofrecerse, 42 U.S.C. § 4625. *Alexander* v. *U.S. Dept. of H.U.D.*, 441 U.S. 39 (1979). Igual disposición existe en Puerto Rico, 22 L.P.R.A. sec. 10(i).

y así los tribunales federales han entendido y fallado en diversos recursos cuando ha mediado una negativa a reconocer los beneficios. *United States* v. *249.12 Acres of Land, etc.*, 414 F.Supp. 933 (1976); *Lowell* v. *Secretary of Dept. of Housing, Etc.*, 446 F.Supp. 859 (1977); *Beaird-Poulan Division, Etc.* v. *Dept. of Highways*, 441 F.Supp. 866 (1977); *Starke* v. *Secretary, U.S. Dept. of Housing*, 454 F.Supp. 477 (1977); *Ledesma* v. *Urban Renewal Agcy. of City of Edinburg*, 432 F.Supp. 564 (1977); *Tullock* v. *State Highway Commission of Missouri*, 507 F.2d 712 (1974); *Moorer* v. *Department of Housing & Urb. Dev.*, 417 F.Supp. 1261 (1976).

A tono con esta encomienda y los fines de la uniformidad perseguida en la ley, la jurisprudencia ha inyectado en el esquema la doctrina de agotar los remedios administrativos. *United States* v. *249.12 Acres*, supra y *Smith* v. *City of Cookeville*, 381 F.Supp. 100 (1974). Así en *"Toor"* v. *United States Dept. of "HUD"*, 406 F.Supp. 1024 (1973), se resolvió que cualquier acción judicial sobre beneficios de relocalización sería prematura cuando los residentes del área del proyecto no los solicitaron a la agencia. *Cf. Boston* v. *United States*, 424 F.Supp. 259 (1976). Claro está, se han aplicado también las consabidas excepciones a la doctrina de agotar. *Tullock*, supra; *Barnes* v. *Tarrytown Urban Renewal Agency*, 338 F.Supp. 262 (1972).

Se reconoce que la relación entre las disposiciones de U.R.A. y las leyes de expropiación federales o estatales presentan un mayor grado de complejidad. La primera no visualiza ni introduce elementos de valorización o daños en las leyes de expropiación, inexistentes al entrar en vigor. En este sentido *United States* v. *249.12 Acres*, supra, decidió que no había ninguna base jurisdiccional por la cual un tribunal federal, en un procedimiento de expropiación, pudiese entender en la reclamación de beneficios bajo U.R.A., reiterándose la norma de que en todo caso era menester agotar los remedios administrativos. También se ha resuelto que los gastos para mudanza y otros beneficios relacionados consti-

tuyen un *suplemento* a los pagos bajo las leyes de expropiación y ello *no* crea un elemento adicional sobre justa compensación. *State Dept. of Transport* v. *Grant Motor Co.*, 345 So.2d 843 (1977). ([5])

Con respecto a las guías contenidas en U.R.A. para la adquisición de propiedades, se ha resuelto que intentan traer uniformidad en los procedimientos de expropiación a nivel nacional y no ayudar en la obtención de transacciones más lucrativas en las mismas, *Will-Tex Plastics, Mfg., Inc.* v. *Department of H. & U. Dev.*, 346 F.Supp. 654 (1972). Tampoco tales guías son determinantes en los procedimientos. ([6])

En resumen, el examen de la trayectoria jurisprudencial federal refleja que la concesión de estos beneficios deben ser reclamados y concedidos por la vía administrativa. Nuestra ley así lo contempla, al reconocer el "derecho a solicitar[los] de la agencia o municipio". 22 L.P.R.A. sec. 10h(A)(a). Es claro pues, como regla general, que una solicitud judicial directa es improcedente por ser de aplicación la doctrina de agotar los remedios administrativos. Sin embargo, como excepción procede una revisión ante el foro judicial cuando arbitraria o ilegalmente, en la órbita administrativa, se niegan tales beneficios. Se trasluce además, que el esquema establecido pretende operar sin confligir ni duplicar los procedimientos de expropiación y que el lugar para solicitarlos inicialmente es en la agencia concernida.

## II

Aplicado el derecho reseñado al caso de autos,

---

([5]) El estatuto federal U.R.A. consigna expresamente que los pagos no pueden incluirse como parte del costo de un programa o proyecto cuando ya se reconoce indemnización por los mismos conceptos en las leyes de expropiación estatales. 42 U.S.C. sec. 4631(b).

([6]) Ilustrativos al respecto, United States v. *416.81 Acres*, 525 F.2d 450 (1975); *Rapid City* v. *Baron*, 227 N.W.2d 617 (1975); *Nall Motors, Inc.* v. *Iowa City, Iowa*, 410 F.Supp. 111 (1975); *ACORN* v. *Brinegar*, 398 F.Supp. 685 Affd. 531 F.2d 864 (1975); *W.M.A.T.A.* v. *One Parcel of Land*, 548 F.2d 1130 (1977); y *City of Rock Island* v. *Moline Natl. Bank*, 368 N.E.2d 1113 (1977).

notamos que la demandante recurrente Santiago alega que los beneficios que persigue no fueron adjudicados en el procedimiento de expropiación. Aduce además que no los ha podido obtener porque el trámite administrativo ha sido fútil. Nuestra ley dispone la promulgación de reglamentos para cumplir con sus disposiciones. La agencia demandada recurrida no actuó a base de reglamento alguno, ni le ha concedido a ella la oportunidad de ser oída y presentar su caso, descansando en la teoría—que encontró eco en la sala de instancia al desestimar la acción—de que todos sus derechos fueron determinados en el procedimiento de expropiación. Tal dictamen es erróneo. Excepto en cuanto a sus alegaciones sobre daños en torno a justa compensación por la propiedad, lanzamiento y su demolición—las cuales ya fueron adjudicadas en la causa de expropiación, *Riera* v. *Pizá*, 85 D.P.R. 268 (1962)—tiene razón la recurrente al solicitar que se ventile en esta acción la procedencia de los restantes derechos reclamados, a saber, beneficios por gastos de mudanza, reemplazo de vivienda y realojo. Sobre estos extremos, su reclamación es una aparte e independiente. Ella ha agotado ya los remedios administrativos, por cuanto sus intentos en valerse de ellos resultaron infructuosos. Así lo reconoce el Procurador General en su comparecencia.

Procede pues, en las circunstancias del presente caso, que se diluciden ante el Tribunal Superior, como trámite *aparte* del procedimiento de expropiación y no como un ataque colateral a este último procedimiento, las alegaciones antes mencionadas.

*Se dictará sentencia expidiendo el auto y revocando la del Tribunal Superior, Sala de San Juan, fechada 27 de septiembre de 1979, y ordenando la continuación de los procedimientos a los fines antes expuestos.*