**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT HANFORD DALTON,

　　　　Plaintiff-Appellant,

v.

CITY OF LAS VEGAS; DAVE
ROMERO, JR.; JUAN BACA; EDDIE
TRUJILLO; CARL VIGIL; CARL
ARMIJO; PATRICK ORTEGA;
TONY MARTINEZ, JR.; GILBERT
VEGA; ROBERT MISHLER; FIDEL
ALIRES;  MICHAEL JARAMILLO;
ELMER MARTINEZ; JOHN DOES 1
THROUGH 15,

　　　　Defendants-Appellees,

　　and

DANELLE SMITH; STEVE
FRANKEN, JR.; AND STEVE
LUCERO, JR.,

　　　　Defendants.

No. 07-2216
(D.C. No. 2:06-CV-520-KBM-WPL)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

[*]　　After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent

(continued...)

Before **McCONNELL** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff Robert Dalton brought suit against the City of Las Vegas, New Mexico, and certain of its officials and employees alleging civil rights claims, RICO claims, and claims for reimbursement under the Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs Act, 42 U.S.C. §§ 4601-4655 (URA), and N.M. Stat. Ann. § 42-3-9. The district court granted summary judgment to defendants on all claims it concluded were barred by the relevant statutes of limitations. It dismissed the remainder of Mr. Dalton's claims with prejudice for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(6).

On appeal, Mr. Dalton argues that: (1) the district court erred in holding that defendants did not violate his civil rights when it seized his personal property without a warrant in 2004; (2) he stated viable RICO claims; (3) he filed the required tort-claim notices; and (4) the statute of limitations on his URA claim should be tolled. Our de novo review of the district court's dismissal of Mr. Dalton's claims reveals no error, and we affirm.

[*](...continued)
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Civil Rights Claim Based on Property Seizure

As noted above, of the numerous civil-rights violations alleged in his complaint, Mr. Dalton argues only that the district court erred in ruling defendants did not violate his civil rights when they seized his property less than two years before the complaint was filed. Contrary to this characterization, the district court did not rule on the merits of this claim. Instead, it ruled that all of Mr. Dalton's civil rights claims were too conclusory to comply with the pleading standard set forth in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). It alternatively concluded that those claims were barred by *Wilkie v. Robbins*, 127 S. Ct. 2588 (2007).

Section 1983 provides a federal civil cause of action against state officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. Mr. Dalton's complaint alleged that on June 18, 2004, Las Vegas City Police, accompanied by defendant Martinez and other city employees, came to his property with heavy equipment and ordered him to leave the premises. Defendants then removed personal property which was later given to private parties, or to city employees or, in some cases, destroyed. R. Vol. I, Doc. 2 at 3. While Mr. Dalton does allege that the property was "stolen" under color of state law, he does not allege any constitutional right or federal statute underlying his § 1983 claim.

"The core inquiry under any § 1983 action . . . is whether the plaintiff has alleged an actionable constitutional violation." *Becker v. Kroll*, 494 F.3d 904, 914 (10th Cir. 2007). Mr. Dalton's complaint does not challenge an established city procedure as lacking in due process, a claim that would clearly be actionable under § 1983. Instead, he brings a claim of property loss arising out of the misconduct of city officials. *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981) (*overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Where the State of New Mexico provides Mr. Dalton a tort action for conversion, *see Santillo v. N.M. Dep't of Pub. Safety*, 173 P.3d 6, 14 (N.M. App. 2007), there can be no conclusion that any constitutional deprivation of property without due process has occurred for purposes of the Fourteenth Amendment or § 1983. *Parratt*, 451 U.S. at 542.

Mr. Dalton has put forth a simple claim for the state-law tort of conversion, but he has not alleged sufficient facts to proceed under § 1983. He has thus failed to allege an actionable constitutional violation and has failed "to state a [§ 1983] claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. The district court was correct to dismiss the claim.

RICO Claims

Mr. Dalton argues that he stated a claim under RICO and that the district court erred in holding otherwise. As with the civil rights claims, the district court held that Mr. Dalton's claims of conspiracy did not meet the *Twombly* pleading

standard.  "To state a RICO claim, a plaintiff must allege that the defendant violated the substantive RICO statute, 18 U.S.C. § 1962, by setting forth four elements:  (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. . . . A pattern of racketeering activity must include commission of at least two predicate acts."  *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256-57 (10th Cir. 2003) (internal quotation marks omitted).  Mr. Dalton appears to believe that these four pleading requirements are satisfied by alleging in his complaint a long list of crimes committed against him by defendants over many years.  Pleading a RICO claim, however, requires more specific allegations than Mr. Dalton has put forth.

Other than the robbery in 2004, Mr. Dalton does not specify which of defendants' many alleged offenses qualify as predicate acts under RICO.  The list of potentially qualifying RICO predicate acts is contained in 18 U.S.C. § 1961(1).  *Id.* at 1255.  To perfect a RICO claim, Mr. Dalton had to plead a "pattern of racketeering activity," *id.* at 1257, which "requires at least two acts of racketeering activity, one of which occurred after [RICO's] effective date . . . and the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity."  18 U.S.C. § 1961(5).  Simply listing the litany of offenses allegedly committed by defendants, without any specification as to which acts (1) qualify as § 1961 predicate acts and (2) also occurred within the time frame

-5-

required to satisfy § 1961(5), is insufficient to state a RICO claim.[1]  The same is true of Mr. Dalton's conclusory allegation that the City is an "enterprise" for RICO purposes.  The RICO claims were properly dismissed.  *See Twombly*, 127 S. Ct. at 1974.

Waiver of Immunity for Tort Claims

The district court granted defendants' motion to dismiss Mr. Dalton's tort claims because he "fail[ed] to identify any waiver of immunity that would apply to his case."  R. Vol. II, Doc. 79 at 7.  Mr. Dalton argued, both in his response to defendants' motion to dismiss in the district court and in his briefs to this court, that his attorney had delivered a tort-claim notice to defendants within ninety days after the June 2004 "raid" on his property as required by N.M. Stat. Ann. § 41-4-16.  There is nothing in Mr. Dalton's complaint, however, alleging that a tort-claim notice had been presented to the City defendants or alleging any other basis for subject matter jurisdiction over the tort claims.

Fed. R. Civ. P. 8(1)(a) requires a "short and plain statement of the grounds for the court's jurisdiction."  The court's jurisdictional basis, however, "must be alleged affirmatively and distinctly and cannot 'be established argumentatively or by mere inference.'"  5 Charles Alan Wright & Arthur R. Miller, Federal Practice

---

[1]      Mr. Dalton's claim that he needs discovery to establish the dates of these alleged predicate acts is disingenuous.  Indeed, something serious enough to constitute a predicate act for RICO purposes can hardly have escaped Mr. Dalton's notice or his recollection.

and Procedure § 1206 (3d ed. 2004) (quoting *Thomas v. Bd. of Trs. of Ohio State Univ.*, 195 U.S. 207, 218 (1904) (footnote omitted)).  Therefore, "[i]t is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 993 (8th Cir. 2002).  "Rule 8(a)(1) is satisfied if the complaint say[s] enough about jurisdiction to create some reasonable likelihood that the court is not about to hear a case that it is not supposed to have the power to hear." *Id.* at 994 (quotation omitted); *see also Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988) (requiring that facts sufficient to invoke the court's jurisdiction must be alleged in the complaint).  Because Mr. Dalton did not allege the basis for the court's jurisdiction over his tort claims against the City in his complaint, the district court properly refused to entertain those claims.

Uniform Relocation Assistance Act

Mr. Dalton alleged in his complaint that the City has refused to compensate him under the URA for a condemnation action it began in the mid-1980's but then abandoned.

There is no private cause of action to challenge the *land-acquisition policy* of 42 U.S.C. § 4651.  *Roth v. U.S. Dep't of Transp.*, 572 F.2d 183, 184 (8th Cir. 1978); *United States v. 249.12 Acres of Land, More or Less, in Stephens & Cotton Counties, Okla.*, 414 F. Supp. 933, 934 (W.D. Okla. 1976).  Further, § 1983 cannot

be used as the jurisdictional vehicle to enforce rights under the URA. *Ackerley Commc'ns of Fla., Inc. v. Henderson*, 881 F.2d 990, 992 (11th Cir. 1989). Provided it is unrelated to land-acquisition policy, however, a plaintiff can bring an action under Title II of the URA and certain sections of Title III but only through a proceeding under the Administrative Procedure Act (APA). *Barnhart v. Brinegar*, 362 F. Supp. 464, 471 (W.D. Mo. 1973); *see also Henderson*, 881 F.2d at 993. The APA requires exhaustion of administrative remedies before federal jurisdiction will lie. *249.12 Acres*, 414 F. Supp. at 934. Mr. Dalton's complaint does not refer to the APA and fails to allege administrative exhaustion.[2]

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge

---

[2] Mr. Dalton's argument that the statute of limitations for an APA action should be tolled is misplaced. That argument should be made in the first instance as part of an APA proceeding.